Henry, J.
Subdivision 4 of section 33 of article VI of the Zoning Ordinance of the Town of Brighton, as .amended, on November 14, 1945, provides in part as follows: “ No permit or consent shall be granted to any person, corporation or association for the use of any structure * * * for the purpose of the sale or other dispensation of any beer, wine or spiritous liquor for consumption on the premises * * * within one-half (%) mile of any school grounds.”
*861 Subdivision 7 of section 64 of the Alcoholic Beverage Control Law states in part as follows: “No retail license for on-premises consumption shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school ”.
Plaintiff owns and operates a tavern on the same street and within one-half mile of, but more than two hundred feet distant from, a school building within the town of Brighton. He was issued a license by the New York State Liquor Authority on April 15, 1955, permitting him to sell liquor, wine, cider and beer at retail for on-premises consumption, to continue until September 30, 1955.
Plaintiff applied for, but was refused, a “Use Permit ” of the Town of Brighton to so operate his tavern. He has shown that his right to sell alcoholic beverages materially affects his income from his property. Plaintiff has continued to operate his tavern, and has been arrested for violation of the town ordinance referred to in part above. Because he continues his operation, he is faced with repeated arrests for such violation.
Plaintiff has shown facts sufficient to establish that his business property interests will be damaged unless he has injunctive relief against enforcement of the town ordinance. Under section 877 of the Civil Practice Act he must also show that it appears he will be entitled to a judgment of permanent injunction on the hearing, pending which, he has brought this application.
The question presented is whether a town board, acting under the general authority of section 261 of the Town Law, may by a zoning ordinance prohibit the sale of alcoholic beverages within one-half mile of a school, notwithstanding the fact that the Legislature had set up a general, exclusive and State-wide system regulating the sale of alcoholic beverages covering the same subject.
The town ordinance was adopted pursuant to the general authority of section 261 of the Town Law authorizing the town board to regulate use of land within the town for the purpose of promoting the health, safety, morals or the general welfare of the community.
A court of equity will assume jurisdiction, and will enjoin the enforcement of a void ordinance where its enforcement will affect property rights and work irreparable injury. The criminality of the act complained of will not act as a bar to such relief where an injunction is necessary for the protection of one’s property rights. (Cowan v. City of Buffalo, 247 App. Div. 591.) By chapter 478 of the Laws of 1934, the Legislature adopted the Alcoholic Beverage Control Law. Section 2 of that *862 law declares it a policy of the State to regulate and control the sale within the State of alcoholic beverages. By article 3 of that law, as amended, the Legislature has permitted the continuance of local alcoholic beverage control boards, for the City of New York, and for the counties, existing prior to the act, but nowhere empowers town control except by actual and complete prohibition as provided in article 9. Even the authorities delegated to the counties by article 3, restrict their powers to ministerial acts and advice, and permit discretion only in regulating to some extent the hours of business. Subsection 7 of section 64 of the act sets an arbitrary foot distance from a school for operation of a tavern. This must be concluded to have been a legislative intent to make application of the rights under the law as uniform as possible. The Legislature did not intend that each community might re-examine its conclusion and reset a minimum distance of operation.
If it had so intended, it would not have established a distance and retained all final discretion for other standards in one application as against another, to the State authority alone.
The provisions of the Alcoholic Beverage Control Law are exclusive and State-wide in scope. The Legislature intended thereby to repeal any and all grants of power to municipalities to legislate in respect to matters covered by that law. (Matter of Kress & Co. v. Department of Health, 283 N. Y. 55; Jewish Consumptives’ Relief Soc. v. Town of Woodbury, 230 App. Div. 228, affd. 256 N. Y. 619; City of Buffalo v. Lewis, 192 N. Y. 193; 1933 Atty. Gen. 152.)
It follows that the ordinance in question is void and that plaintiff is entitled to an injunction restraining defendants, pendente lite, from seeking to enforce it against him, except that such injunction will not interfere with the prosecution of the criminal proceeding now pending in Justice’s Court where the defense of invalidity of the ordinance is available to him.
Let an order enter accordingly.