Samuel W. Eager, J.
This is a motion for summary judgment in an action for a declaratory judgment. There is no dispute in the material facts, and it is, therefore, clear that this motion may be properly entertained and granted. (Roer Constr. Corp. v. City of New Rochelle, 207 Misc. 46, and cases cited.) The court should, upon this motion, grant judgment for such declaration as is justified by the undisputed facts.
The plaintiff, since 1950, has been and still is engaged in the operation of a 35-bed private proprietary nursing home located in the Westchester County health district. Under duly promulgated regulations of the State Department of Social Welfare applicable to private proprietary and private nonprofit nursing homes in such district, it is required that the nursing service of such a home shall be in charge of a registered professional nurse or a licensed practical nurse. Effective as of September 8, 1955, the Westchester County Board of Health amended the sanitary code of the county health district to also specifically provide that the nursing service of a private proprietary home in the district shall be under the direction of a registered professional nurse or a licensed practical nurse, but the Westchester amendment did further specifically provide as follows: “One or more registered professional nurses and such other nursing personnel as may be required by the Commissioner shall be employed for the care of the sick at every nursing home. The nursing service in each nursing home shall be under the direction of a registered professional nurse or licensed practical nurse at all hours.”
There is no requirement by State regulation that one or more registered nurses be employed in a private nursing home where the nursing service thereof is under the direction of a practical nurse.
The plaintiff contends that the local health regulations applicable to the Westchester district are invalid as contravening the State law in that they negate what is permitted by State regulations, namely, the operation of a private proprietary nurs *333 ing home under direction of a practical nurse without employment of a registered nurse in the home. The plaintiff, in support of his contentions, cites Matter of Kress & Co. v. Department of Health of City of N. Y. (283 N. Y. 55); Jewish Consumptives’ Relief Soc. v. Town of Woodbury (230 App. Div. 228, affd. 256 N. Y. 619); People ex rel. Elkind v. Rosenblum (184 Misc. 916); Matter of Tartaglia v. McLaughlin (190 Misc. 266); Grundman v. Town of Brighton (1 Misc 2d 860); People v. Blue Ribbon Ice Cream Co. (1 Misc 2d 453); People v. Del Gardo (1 Misc. 2d 821). Clearly, in accordance with the doctrine of these cases, a local board of health does not have the right to prescribe rules and regulations which are antagonistic to State regulations or State policy. But, on the other hand, it is clear that such a board may prescribe reasonable requirements in addition to those provided for by State regulation where fairly necessary in the interests of public health and welfare under the conditions prevailing in the locality, provided there is no overriding of the effect of State regulations. (See Matter of Kress & Co. v. Department of Health of City of N. Y., supra.)
In any event, local health regulations, which are to be justified solely as in the exercise of the police power, must be reasonable. (See 39 C. J. S., Health, § 10; Defiance Milk Prods, v. Du Mond, 309 N. Y. 537; Triborough Bridge Auth. v. Crystal & Son, 2 A D 2d 37.) While it is laudable to strive for perfection in the care of the sick and the aged, the law, of necessity, settles for less, to wit, care that is reasonably adequate under all the circumstances. Though the particular provisions of the Westchester regulations requiring the employment of one or more registered nurses in a private proprietary nursing home may be said to be in the interests of placing such homes in the district on a higher plane, it does not appear that they are reasonably required to remedy a condition detrimental to health and well-being of the persons cared for in the home nor that they are reasonably necessary from a health standpoint. This is demonstrated by the fact that generally throughout the State and, in fact, in cities in Westchester County adjoining the county health district, there is no requirement for the employment of a registered nurse in a private nursing home where the nursing service is under the direction of a practical nurse. Furthermore, the requirement would seem to be ill-advised from a health standpoint. This, because there is a critical shortage of registered nurses in the county, and to require their presence in all private proprietary nursing homes in the county district would take many such nurses from hospitals and other places where their services are urgently needed. In fact, the imposing of the *334 requirement that registered nurses be employed in these private nursing homes in the Westchester district is unreasonably discriminatory, in that generally throughout the State, including the Westchester district, private nonprofit homes may be conducted without the employment of such a nurse and particularly in that nearby private homes in cities and counties outside the district are not so regulated.
Finally, the regulation in question is invalid as ambiguous and uncertain. Eegulations of a local administrative board, though the board has authority in the premises, must, like a local ordinance, be clear and definite in terms. If such regulations are so vague that men of common intelligence must necessarily guess at their meaning and differ as to their application, they are invalid. (See Commonwealth v. Carpenter, 325 Mass. 519.)
Here, the section in question states that “one or more registered professional nurses and such other nursing personnel as may be required by the commissioner shall be employed for the care of the sick at every nursing home ”, but further says the “ nursing service ” in such a home may at all times be under the direction of a practical nurse. Thus, we have vagueness, inconsistency and invitation to confusion for, (a) there are no standards laid down to guide the commissioner in his determination as to whether or not a registered nurse is to be employed in a particular home, as to what shall constitute the nursing personnel to be employed in the home, and as to how many registered nurses, if any, are to be therein employed; (b) who is to say what the duties of a registered nurse is when the nursing service of a home is in charge of a practical nurse and would the former be expected to take orders from the latter; and (c) if but one registered nurse is to serve in care of the sick in a 35-bed home, as was directed by the commissioner in the case of the home of the plaintiff here, who is to say how many hours a week she shall work and how she is to apportion her daily and weekly work, bearing in mind that she would not be expected to be on 24-hour duty seven days a week. The provision is to be condemned on the ground that it is so indefinite that it could lead to arbitrary and discriminatory action on the part of the commissioner. In fact, it would seem that the conferring upon the commissioner of the power to prescribe what nursing personnel would be required in a particular private nursing home, without setting forth uniform standards for him to follow, would constitute a delegation of the power to regulate and an unlawful delegation of the powers of the board of health.
The plaintiff shall have judgment as prayed for. Settle judgment on notice.