D. Ormonde Ritchie, J.
Plaintiff, the holder of a license issued to it by the State Liquor Authority for the sale of wine, liquor and beer for on-premises consumption and beer for off-premises consumption makes this application for an order enjoining the defendants from enforcing the provisions of an Ordinance, No. 44, adopted by the defendant municipality Town of Hempstead insofar as the ordinance purports to regulate the sale of alcoholic beverages on May 30, Memorial Day. Simultaneously with the application for a temporary injunction plaintiff commenced an action for a declaratory judgment declaring the ordinance void insofar as it attempts to regulate the sale of alcoholic beverages in the town of Hempstead and for judgment permanently enjoining enforcement of the ordinance insofar as it provides for such regulation.
Subdivision 5 of section 106 of the Alcoholic Beverage Control Law fixes the hours during which the sale of alcoholic beverages for on-premises consumption is prohibited. Authority to further restrict the hours during which alcoholic beverages may be sold at retail is delegated by section 43 of the Alcoholic Beverage Control Law to the local or county Alcoholic Beverage Control Board. Section 2 of the Alcoholic Beverage Control Law in defining the policy of the State and the purpose of that chapter states in part: ‘ ‘ The restrictions, regulations and provisions contained in this chapter are enacted by the legislature for the protection, health, welfare and safety of the people of the state ’ ’. It is clear then that power to restrict and regulate the sale of alcoholic beverages is solely the province of the Legislature of the State. Such power, by statutory authority, may be delegated to a duly constituted agency or municipality but again the power to delegate such authority is vested only in the Legislature. The solution of the problem before the court lies in the interpretation of the statutes in which legislative power is delegated to municipal corporations within the State.
In opposing the application, the defendant town relies upon the powers conferred by section 86 of the General Municipal Law and section 130 of the Town Law. Section 86 provides that the municipal officers and boards of the cities, towns and villages of this State having power to enact ordinances may *247 adopt ordinances regulating the nature of commercial and business activities that may be conducted on Memorial Day and the hours within which such activities may be conducted. Section 130 of the Town Law provides: ‘ ‘ The town board after a public hearing may enact, amend and repeal ordinances, rules and regulations not inconsistent with law, for the following purposes in addition to such purposes as may be contemplated by the provisions of this chapter or other laws.” (Italics supplied.)
The delegation of authority to town boards to enact ordinances, rules and regulations is limited and restricted and confined to the enactment of ordinances not inconsistent with law. Ordinance No. 44 conflicts with the regulations and restrictions provided in the Alcoholic Beverage Control Law and varies the restrictions therein prescribed. If such power were intended to be conferred by the delegating statute it must be clearly indicated therein. Neither section 86 of the General Municipal Law nor section 130 of the Town Law indicates such intention.
The application for a temporary injunction is granted and the defendants are enjoined from enforcing the provisions of Ordinance No. 44 adopted by the defendant municipality on April 8, 1958, insofar as the provisions of such ordinance regulating the sale of alcoholic beverages conflict with the provisions of the Alcoholic Beverage Control Law regulating such sales.