George M. Fanelli, J.
In this action for a declaratory judgment and permanent injunction, plaintiff and defendants (other than defendants, State Liquor Authority and the Chairman and *679 Commissioners thereof) seek summary judgment (Rules Civ. Prac., rule 113), or, in the alternative, judgment on the pleadings (Rules Civ. Prac., rule 112).
Plaintiff is the owner of a restaurant, bar and grill, and a holder of a license issued by the State Liquor Authority authorizing him to sell at retail, beer, wine and liquor for on-premises consumption and beer for off-premises consumption; and in his complaint he attacks the constitutionality of an ordinance adopted in April, 1960 by the Town of Eamapo pursuant to section 86 of the General Municipal Law insofar as it restricts and prohibits him from selling alcoholic beverages on Memorial Day (May 30) until 1:00 p.m. in contravention to the hours permitted under his license, the Alcoholic Beverage Control Law and the Eules of the State Liquor Authority.
Plaintiff points to the fact (1) that it was the express policy of the State of New York when it enacted the Alcoholic Beverage Control Law (L. 1934, ch. 478) to regulate and control the manufacture, sale and distribution of alcoholic beverages in the public interest; (2) that the restrictions, regulations and provisions contained in said chapter were enacted by the Legislature for the protection, health, welfare and safety of the people of the State; (3) subdivision 5 of section 106 of the Alcoholic Beverage Control Law only restricts and forbids the sale of alcoholic beverages outside the City of New York (except Sunday and on a general or primary election day) between 3:00 a.m. and 8:00 a.m. ; and (4) that the power to further restrict the hours during which alcoholic beverages may be sold is delegated only to the local boards outside the City of New York (Alcoholic Beverage Control Law, § 43).
Defendant town, on the other hand, takes the position (1) that while it may be said, generally, that the Legislature’s enactment of the Alcoholic Beverage Control Law in 1934 evidenced an intention to regulate and control the manufacture, sale and distribution within the State of alcoholic beverages, nevertheless, by the more recent enactment of section 86 of the General Municipal Law (L. 1957, ch. 387) the Legislature has now, some 23 years later, passed legislation specifically dealing with commercial and business activities on Memorial Day and the hours within which the various types of commercial and business activities may be conducted on that day; (2) that there is nothing in the Alcoholic Beverage Control Law which is so exclusive and pre-empting as to support the contention that the Legislature did not reserve to itself the right, on Memorial Day, to further regulate the sale of alcoholic beverages; and (3) that the Legislature, when it enacted section 86 of the *680 General Municipal Law in 1957 must have been cognizant of the existence of the Alcoholic Beverage Control Law and the incidental powers granted to the State Liquor Authority and the local boards, particularly with respect to the hours within which alcoholic beverages might be sold.
The court is of the opinion that the arguments advanced by defendant town are untenable and cannot be sustained. It is quite apparent that the provisions of the Alcoholic Beverage Control Law are exclusive and State-wide in scope and that the power to restrict and regulate the sale of alcoholic beverages is solely the province of the Legislature of the State of New York (William Mullare, Inc. v. Town of Hempstead, 11 Misc 2d 245; Grundman v. Town of Brighton, 1 Misc 2d 860) and was not intended to be shared with the multitudiness municipalities in the State. There can be no doubt that through the Alcoholic Beverage Control Law and its comprehensiveness the State has pre-empted the field in dealing with the sale, regulation and distribution of alcoholic beverages and, so long as such legislative declaration and mandate continues to express the legislative intent, this court will not construe section 86 of the General Municipal Law as indicative of a contrary intent and a repeal by implication of the pertinent sections of the Alcoholic Beverage Control Law, particularly subdivision 5 of section 106 thereof. The positive policy expressed by the Legislature in the Alcoholic Beverage Control Law should not be overridden or curtailed insofar as the sale, regulation and distribution of alcoholic beverages are concerned except by another equally plain declaration and command. Such a positive direction and intent is not manifest by the provision of section 86 of the General Municipal Law nor by the history leading up to this piece of legislation. While it is true that this section does to a certain extent empower municipalities to ‘1 adopt ordinances regulating the nature of commercial and business activities that may be conducted on Memorial day and the hours within which the various types of commercial and business activities may be conducted on Memorial day,” yet, there is no convincing language or expression of clear legislative intent in section 86 of the General Municipal Law which authorizes this court to sweep away the afore-mentioned sections of the Alcoholic Beverage Control Law which specifically deal with the field of alcoholic beverages. Repeal by implication is not favored and will be decreed only where a clear intent appears to effect that purpose (Society of N. Y. Hosp. v. Johnson, 5 A D 2d 552, affd. 5 N Y 2d 102; Cimo v. State of New York, 306 N. Y. 143), *681 and the most that can be said of section 86 of the General Municipal Law is that it applies only to those commercial and business activities, the hours of which have not already been provided for by legislation, arid that it does not apply to those instances where the State by its comprehensive enactment has completely pre-empted the field- of regulating a particular commercial or business activity such as the alcoholic beverage industry by the enactment of the Alcoholic Beverage Control Law (L. 1934, ch. 478). If it is the intention of the State of New York to permit each local municipality throughout the State to regulate the alcoholic beverage industry and the hours (no matter how few) during which these beverages can be sold on Memorial Day on or off-licensed premises, then it should say so clearly and unmistakably. Until -such time, however, the provisions of the Alcoholic Beverage Control Law must control.
Accordingly, in the light of the afore-mentioned and since no questions of fact are presented, plaintiff’s motion is granted and he is entitled to a judgment to the extent of declaring subdivision (f) article 3 of the ordinance adopted by the Town of Ramapo on April 25, 1960 illegal and void insofar as it conflicts with the provisions of the Alcoholic Beverage Control Law and seeks to restrict or regulate the sale of alcoholic beverages in said town on Memorial Day (May 30) between 1:00 p.m. and 3:00 a.m. Defendants’ request for summary judgment dismissing the complaint is denied. No costs.