Birdie Amsterdam, J.
By this motion, pursuant to section 123 of the Alcoholic Beverage Control Law, petitioners seek to enjoin the individual respondent from engaging in a retail liquor business pursuant to a license issued, or about to be issued, by respondent State Liquor Authority. The motion is consolidated for decision with Motions Nos. 90 and 91 of April 16, 1965, by other petitioners seeking the same relief against other respondents, who also have been granted, or are about to be granted, licenses to engage in the sale of liquor at retail for off-premises consumption. In each application, respondent State Liquor Authority cross-moves to dismiss the petition upon various objections in point of law.
In point of fact, respondents are or will be new licensees who are about to locate retail liquor stores in neighborhoods now serviced principally by petitioners, who obviously are disturbed by the increased competition to be occasioned thereby. None of *868 the proposed locations, however, are in violation of the statutory distance requirements specifically proscribed in the Alcoholic Beverage Control Law.
By section 121 of the Alcoholic Beverage Control Law, the Legislature, in its wisdom, with great particularity, enumerated those actions of the State Liquor Authority which were deemed appropriate for court review. By such clear specification, the Legislature pointedly excluded from judicial consideration other actions of the said Authority (Matter of Millman v. O’Connell, 300 N. Y. 539), and especially the approval of the issuance of retail liquor store licenses where a local board has unanimously recommended such approval. This intent is clearly set forth, since court review is specifically provided for where the Authority issues a license against the recommendation of a local board (see Alcoholic Beverage Control Law, § 121, subd. 2) or where the local board was not unanimous in its recommendations (see Alcoholic Beverage Control Law, 121, sub.d. 3). In all of the instant cases, the Authority approved or is about to approve licenses based upon unanimous recommendations by local boards. Petitioners, in fact, in effect concede the inapplicability of judicial review under section 121 of the Alcoholic Beverage Control Law to their situations, since all seek relief pursuant to section 123 of the said law.
In this court’s view, however, this merely represents a bald attempt to contravene the clear intent of the Legislature. Section 123 was promulgated specifically to prevent the illegal traffic in alcoholic beverages and was, in no manner formulated to provide judicial review of an exercise of discretion by the Authority. Section 123 encompasses cases involving the unlicensed sale or manufacture of alcoholic beverages or licensed sales which directly contravene particular mandatory proscriptions in the Alcoholic Beverage Control Law. The entire wording of section 123, the judicial control envisioned, and the civil enforcement procedures prescribed, all spell out clearly the legislative intent, as stated. To hold otherwise would render section 121 meaningless.
In the present petitions, all complained of acts were within the discretion of the Authority (Alcoholic Beverage Control Law, §§ 2,17), were not violative of any statutory bar, and cannot, therefore, be proper subjects of a proceeding pursuant to section 123. The petitions themselves falter when confronted by such plan of legislative intent, since, although ostensibly labeled as special proceedings within the purview of section 123, all of the petitions raise objections to the Authority’s failure to use proper discretion or to its prospective abuse of proper *869 discretion — terminology usually employed when a request for judicial review, pursuant to section 121, is made.
Accordingly, the court has no jurisdiction to review the subject matter of the instant petitions. Nor is there any merit in petitioners’ argument that the court cannot determine its own jurisdiction herein. A proceeding brought under section 123 of the Alcoholic Beverage Control Law is no more special than any other special proceeding, and CPLB 404, which permits a respondent to raise legal objections thereto, is applicable to all.
Finally, no respondents, other than the State Liquor Authority in each petition, have been served, and each petition is dismissable for this reason alone.
Accordingly, the petitions are, in all respects, denied, and the cross motions to dismiss same are granted.