Bernard S. Meyer, J.
This petition seeks to have annulled the determination of the State Liquor Authority to issue licenses for three package stores in Mattituck, where petitioner presently operates his package store. The Authority and each of the three licensees ask dismissal of the petition, the argument being that except as to licenses issued in violation of a legislative mandate, there can be no review of the issuance by the Authority of a license. The language of sections 2 and 121 of the Alcoholic Beverage Control Law suggests that the proceeding authorized by section 123 was not intended as a means of reviewing the exercise of discretion by the Authority to issue a license (Matter of J. R. Liquors v. State Liq. Auth., 46 Misc 2d 867; Matter of Green v. New York State Liq. Auth., N. Y. L. J., June 10, 1965, p. 19, col. 4), as distinct from issuance of a license without giving consideration to public convenience and advantage (see Matter of McNulty v. New York State Liq. Auth., N. Y. L. J., April 26, 1965, p. 19, col. 7, affd. 24 A D 2d 599) or in violation of the numerical limitation of former subdivision 4 of section 105 (Matter of O’Brien v. Rozza, 247 App. Div. 747, affd. 271 N. Y. 545) or the distance mandate of subdivision 3 of section 105 (see Matter of Green, supra). It is not necessary to reach a conclusion on the question in this proceeding, however, for, except as to the distance of respondent Kelsey’s premises from a church, the allegations of the present petition do not state a cause of action.
Whether we are dealing with abuse of discretion or failure to exercise discretion at all, it is nonetheless essential that the allegations be factual rather than conclusory (Walsh v. New York State Liq. Auth., 23 A D 2d 876, affd. 16 N Y 2d 781; Matter of *1093 Hackman v. State Liq. Auth., N. Y. L. J., July 28, 1965, p. 11, col. 3). Taken singly or together, the allegations of the instant petition do not spell out facts evidencing abuse of or failure to exercise discretion. Paragraphs 9 through 14 are predicated on prior Authority determination that additional liquor stores are not needed in Mattituek and paragraphs 15 through 22 allege that in light of the population and composition of the village and town, petitioner’s store adequately serves the area. The statutory standard, however, is “ public convenience and advantage ”, not public necessity. Competition rather than monopoly is the present policy in retail liquor selling (Matter of Hub Wine & Liq. Co. v. State Liq. Auth., 16 N Y 2d 112, 117). Paragraphs 23 through 30 are conclusory statements that the Authority has made no determination of public convenience and advantage. What was in fact before the Authority when its determination was made is not stated. Since the Authority is under no obligation to make findings (Matter of Hub Wine & Liq. Co. v. State Liq. Auth., supra, p. 119) and since it is aided by a presumption of regularity, a case can be made out only by showing what was in fact before the Authority when it made its determination. Paragraphs 31 through 40 repeat the attack on Bulletin 390 and rule 17 (9 NYCRR 42.1 et seq.) which has been laid to rest by Matter of Hub Wine & Liq. Co. v. State Liq. Auth (supra) and Cantlin v. State Liq. Auth. (16 N Y 2d 155), the only difference being that paragraph 38 seeks to prove the premise by'references to 14 different applications approved by the Authority in recent months.
The Authority has presented, with its motion to dismiss, an affidavit of its chairman stating in conclusory fashion that it “ determined that public convenience and advantage would be promoted by the approval thereof ”. It may be, however, that on examination of the files on the applications of the licensee respondents, petitioner will find basis for attack not on the Authority’s general policy but on its action in the particular case. To afford petitioner that opportunity, leave to replead will be granted.
With respect to the Kelsey license, paragraph 7 of the petition alleges that the store is within 200 feet of the Mattituek Presbyterian Church. No mention of the contention was made on the argument and since the allegation is on information and belief, it may be that petitioner is now satisfied that it cannot be factually supported. The petition, however, sufficiently alleges a cause under section 123 in that respect. The Kelsey answer denies the allegation and thus presents a triable issue of fact. That issue will be heard in Trial Term, Part IV on Friday, *1094 September 24, 1965 at ,9:30 a.m. Since an early hearing is being granted, since petitioner’s allegation- is- on information and belief though the fact is one readily established by measurement, and since Kelsey has invested- a substantial sum in preparing his store for opening, no preliminary injunction will be granted. .
. Settle order on one day’s notice, by notice of settlement returnable not later than Friday, September 24, 1965 at 9:30 a.m., dismissing the petition, except as to the Kelsey license, and setting the matter for hearing as aboye provided on the issue of the distance of the Kelsey store from the Mattituck Presbyterian Church.