Bernard S. Meyer, J.
In this proceeding pursuant to sections 123 and 124 of the Alcoholic Beverage Control Law, petitioner sought review of the issuance of licenses to three named respondents. The Authority and the licensee respondents asked dismissal of the petition and the court, reasoning that factual rather than conclusory allegations are required and that “ a case can be made out only by showing what was in fact before the Authority when it made its determination,” granted the motion to dismiss,; with leave to ".replead (47 Misc 2d 1091). The order entered September 29,1965 on that "decision directed the Authority to make available for inspection by petitioner the papers upon which the applications of the licensee respondents were approved: ' Though-no objection was imposed to that provision *1095 óf the order at the time'-of its settlement/ the Authority -has appealed from that part of the order and now moves' tó modify the-order by deleting it. The Authority points to no provision of-law enjoining secrecy as to the'records in question. Rather it rests upon the general rule that discovery cannot be ordered against the State. - -
-Indelibly engraved in the law governing the Authority is the principle that it must decide each application on its own merits and find before granting the application that public convenience and advantage will be promoted. The Court of Appeals so held in Matter of Hub Wine & Liq. Co. v. State Liq. Auth. (16 N Y 2d 112, 119), and the Legislature emphasized the requirement in enacting chapter 1024 of the Laws of 1965, which, as the Governor noted in his approval message (McKinney’s Session Law News, p. A-322), “ reaffirms the duty of the Authority * * * tó be guided by public convenience and advantage- in making its license determinations.” That duty may be enforced with respect to a license issued contrary to the recommendation of the local board, or when the recommendation of the local board was not unánimous, or with respect to a removal application, in an article 78 proceeding (Alcoholic Beverage Control Law, § 121). Issuance of a how license whore, as in the instant case, the local board has unanimously approved the application is, however, subject to review only in a proceeding under sections 123 and 124 of the Alcoholic Beverage Control Law. If the Authority cannot be compelled in such a proceeding to reveal its records, the; duty imposed upon it by the Legislature becomes unenforcible. Legislative policy may not be so easily frustrated.'
Essentially the Authority’s argument is that it is the sole judge whether it has issued a license without considering public convenience and advantage because there is no procedural means of requiring it to divulge what it has done. Without pausing to characterize the philosophy of government underlying that argument, the court' notes that there are both statutory and common-law bases for directing the Authority to disclose its records and that the cases upon which the Authority relies arc for the most part distinguishable. - -
The first statutory basis is section 124 of the Alcoholic Beverage Control Law, for by the direction-that-the Authority be made a party to the proceeding authorized by section 123, the Legislature made the proceeding one in which the Authority’s action could be reviewed and an illegally issued license revoked. The establishment of a policy and-a procedure for review coupled with the' failure to denominate Authority records' confident!ál *1096 bespeaks legislative intention that the records to be reviewed be disclosed.
The second statutory basis is section 66 of the Public Officers Law, for “ there is no doubt that it expresses a strong legislative policy to make available to public inspection and access all records or other papers kept ‘ in a public office,’ at least where secrecy is not enjoined by statute or rule. Effectuation of the policy in favor of full publicity accordingly demands the broadest possible interpretation of the scope and content of that section, so far as some overriding consideration of policy does not forbid,” (Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 686). Petitioner has a sufficient interest in the records here involved to be entitled to obtain them by mandamus under that statute (People ex rel. Stenstrom v. Harnett, 224 App. Div. 127, affd. 249 N. Y. 606; Matter of Van Allen v. McCleary, 27 Misc 2d 81) and no statute or overriding consideration of policy forbids disclosure.
The third basis is the common-law right of inspection of documents of a public nature recognized and discussed in Matter of Egan (205 N. Y. 147). Especially apt for this proceeding is State ex rel. Ferry v. Williams (41 N. J. L. 332) discussed and emphasized in the Egan decision and the holding of which was summarized (p. 154) as follows: “ Accordingly it was held, notwithstanding the absence of any legislative enactment conferring such right, that a citizen of a town was entitled to an inspection of the letters of recommendation filed with the collector of taxes as a basis for the issue of pending liquor licenses in order that he might ascertain whether the provisions of the municipal charter in regard to licensing saloons were being observed by the authorities.”
The cases cited by the Authority hold that an agency of the State is not subject to discovery or examination before trial in the absence of statutory authorization. All but two of those cases involved actions of a general'nature by or against the State, not proceedings to review a determination made by a State agency. The other two are Edmonds v. New York State Liq. Auth. (N. Y. L. J., Oct. 8, 1965, p. 16, col 6) and Matter of Hilltop Liqs. (N. Y. L. J., Aug. 18, 1965, p. 10, col. 3). The Edmonds case was an article 78 proceeding and the court noted that discovery was unnecessary because the Authority would be required in its return to expose all the relevant data. The Hilltop Liquors proceeding may perhaps also be distinguished because it was brought pursuant to CPLR 3102 (subd. [c]) prior to the commencement of a review proceeding. To the extent that these cases cannot be distinguished, the court respectfully declines *1097 to follow them, for to do so is, at least with respect to a new license issued after unanimous recommendation of the local board, wholly to frustrate the policy so recently reaffirmed by the Legislature.
The motion is denied.