Murray T. Feiden, J.
This is a proceeding pursuant to section 123 of the Alcoholic Beverage Control Law brought by petitioner to enjoin the retail sale of liquors and wines at 121 Montague Street, Brooklyn, N. Y., for off-premises consumption. The petitioner is the owner and holder of a retail liquor license at 116 Montague Street, almost directly across the street.
All of the respondents herein had previously moved to dismiss the petition before answering the same. Said motions were heard before another Justice who denied the motions in all respects, granted leave to the respondents to file their answers, and continued a stay against the issuance of a license to the respondents Klein and Gilbert until the determination of the proceeding on the merits. Subsequently the respondents filed their answers, to which was also attached the record of the State Liquor Authority and New York City Alcoholic Beverage Control Board (hereinafter referred to as the Authority), and the matter was noticed for a hearing on the merits.
By decision dated January 18,1966, this court held that there should be a clarification of the issues of public convenience and advantage and any other relevant issue that may be presented by the taking of testimony pursuant to section 123 of the Alcoholic Beverage Control Law. The parties were directed to set this matter down for a hearing before this court for a disposition on the merits. Upon reconsideration, it appeared ■that no further testimony or hearing was necessary and that the clarification sought by this court could be and was obtained by further argument by the respective counsel. Both sides also submitted additional papers.
The present proceeding under section 123 of the Alcoholic Beverage Control Law must be distinguished from one brought under article 78 CPLB. Although petitioner could have brought an article 78 proceeding, it chose not to do so. A section 123 proceeding opens up for review the simple issue of whether any person is selling or about to sell alcoholic beverages illegally or contrary to the aforesaid law, which, in this particular application resolves itself into the issue of whether the Authority considered public convenience and advantage in issuing the license to the individual respondents, Julius Klein and Herman Gilbert. In an article 78 proceeding the criterion of review is whether the Authority acted arbitrarily, capriciously or without rational basis. This distinction is emphasized because of the *242 tendency in some recent decisions to confuse the different criteria used in aforesaid proceedings.
It appears from the answers and records before this court that the Authority did not automatically arrive at its determination herein merely as a matter of predetermined general policy, but conducted field investigations, held a hearing, examined various records and statistics, and, in short, decided the license application herein on its own facts and merits. The following factors, among others, were considered in connection with public convenience and advantage: proximity of schools and places of worship; the nature of the location and area; the reports of investigation, maps and data bearing on population density; existence of a concentrated and congested business area; gross volume of sales of the package liquor stores in the area; the propriety of an additional store in the area to eliminate the necessity of customers waiting for service in the petitioner’s busy store which employs approximately 11 salesmen.
Matter of Hub Wine & Liq. Co. v. State Liq. Auth. (16 N Y 2d 112), which involved a rather similar situation, is controlling. (See, also, W. K. Wines & Liqs. v. State Liq. Auth., N. Y. L. J., Dec. 24, 1965, p. 8, col. 7.) The fact that the Hub case involved the removal of an existing liquor store from one location to another does not, as contended by petitioner, make the decision distinguishable or vitiate the general principles set forth in said decision. The element of competition to the existing liquor store in the Hub case was just as damaging as it would have been from a completely new licensee across the street. In any event, under the principles enunciated in the Hub case and Seagram & Sons v. Hostetter (16 N Y 2d 47, 56) the element of competition is irrelevant.
The petitioner herein inveighs against the failure of the Authority to notify it of the hearing despite its request therefor and that it was not given any opportunity to appear. The statute (Alcoholic Beverage Control Law, § 54, subd. 3, as made applicable to this case by § 64, subd. 3) requires a hearing but not a public one. Notice need only be given to the Local Board and the applicant. The hearing is not a quasi-judicial hearing in the sense that a determination must be based on the evidence received at the hearing. The Authority can and did make its determination in this case not only on the basis of evidence taken at the hearing but also upon the basis of facts disclosed by its ex parte investigation. (Matter of Rochester Colony v. Hostetter, 19 A D 2d 250, 252, 253.) A party who has only a competitive economic interest in a liquor license appli *243 cation is not an aggrieved party in the legal sense and does not have the right to participate in a hearing held on the application of a prospective competitor. (See Matter of Lisella [State Liq. Auth.], N. Y. L. J., Nov. 9, 1965, p. 18, col. 7, which is directly in point; record on appeal in Matter of Hotel Wines & Liqs. v. State Liq. Auth., 24 A D 2d 1081, where petitioner raised the same issue; Matter of Franklin Nat. Bank v. Superintendent of Banks, 40 Misc 2d 565, affd. 20 A D 2d 682, mot. for lv. to app. den. 14 N Y 2d 482; Matter of Nostrand Check Cashing Co. v. Clark, 27 Misc 2d 799, affd. 13 A D 2d 922; Matter of Dairymen’s League Co-op. Assn. v. Du Mond, 282 App. Div. 69, 73, 74, app. dsmd. 306 N. Y. 595.) The case of American Communications Assn. v. United States (298 F. 2d 648) relied on by petitioner, is inapplicable, for it involved a legally aggrieved party in interest entitled to intervene by the particular facts and statutes pertinent in that case.
Although the petitioner’s position is legally untenable, it would seem to this court that the Authority might adopt a more equitable procedure which would permit a competitor to appear at a hearing and present evidence on the limited issue of public convenience and advantage even though the ultimate purpose of such competitor is economic self-preservation. Such procedure, if limited to competitors who are directly and immediately involved, such as the petitioner herein, would not be an undue burden on the Authority. A competitor who is about to suffer a blow to its economic well-being is entitled to this much consideration as a matter of discretion even if not entitled to it. as a matter of legal right. It is conceivable that in some instances the Authority may profit from additional information which otherwise it might not have.
The decision of the State Liquor Authority to grant the license herein is consistent with the new law. The court sympathizes with those existing licensees upon whom the impact of the new law is devastating. However, the fact that the granting of such new license results in increased competition in a field heretofore protected against competition does not constitute any grounds for overriding the decision of the Authority. The petitioner has failed to sustain its burden of proof that the license herein was issued illegally. Accordingly, the court may not disturb the determination of the Authority even where the court might have arrived at a different result (Matter of Gambino v. State Liq. Auth., 4 A D 2d 37, affd. 4 N Y 2d 997).
The petition is dismissed and the interim stay vacated.