Edward M. O’Gorman, J.
The petitioner, who describes himself as a resident and taxpayer of the Town of Montgomery, Orange County, New York, seeks, in this proceeding brought pursuant to CPLR 7803 (subd. 1) , an order of this court directing the respondent Orange County Health Department to permit petitioner to inspect certain specified records kept by said *588 respondent which relate to 25 migrant labor camps named in the petition. The particular records which petitioner seeks to inspect are annual surveys made by the said respondent for the years 1970 and 1971, pursuant to the direction contained in section 324 of the Public Health Law; records of actions taken during the years 1970 and 1971 pursuant to the direction of section 1330 of the Public Health Law; applications and records in connection with permits to operate farm or food processing labor camps applied for, granted or denied during the years 1970 and 1971 pursuant to section 225 (subd. 5, par. [m]) of the Public Health Law, and applications for temporary restraining orders made to date pursuant to section 1308 of the Public Health Law.
The respondents contend that petitioner is not entitled to the relief which he seeks, on the ground that there is no legal requirement which makes the particular records sought to be inspected available for public inspection, and on the further ground that said records are relevant to the enforcement of the Public Health Law, the New York State Sanitary Code and the Orange County Sanitary Code, and therefore are not of a general public nature because the disclosure of their contents might subject the operators of labor camps to penalties of the grade of misdemeanor.
Eecent amendments to the Education Law create the office of State History (§ 140) and prescribe rules concerning public records generally (§ 141, subd. f). Section 144 of the Education Law defines the term “ public records ” as follows: “ any book, paper, map, photograph, microphotograph or other information storage device regardless of physical form or characteristic which is the property of * * * any state agency, department, division, board, bureau, commission, county, city, town, village, district or any subdivision thereof by whatever name designated in or on which any entry has been made or is required to be made by law, or which any officer or employee of any of said bodies has received or is required to receive for filing ”, unless a contrary intention clearly appears.
It has been clearly stated that it is the general policy of the State of New York to make available to public inspection and access all records or other papers kept in a public office, at least where secrecy is not enjoined by statute or rule (see Matter of Werfel v. Fitzgerald, 23 A D 2d 306; Matter of New York Post Corp. v. Moses, 12 A D 2d 243). This statutory policy demands the broadest possible interpretation of scope and content as far as some overriding consideration of policy does not forbid (see Matter of C. Van Dusen, Inc. v. New York State Liq. Auth., 47 Misc 2d 1094).
*589 Counsel have been unable to call to the court’s attention any statutory or other authority which would render the particular records sought on this application inaccessible to the petitioner.
The Public Health Law identifies several categories of public health records which the Legislature intends to protect from public inspection. Secret manufacturing formulae or processes discovered during the enforcement of regulations pertaining to air pollution and water pollution control (§§ 1210, 1277); the identity of patients revealed by records and reports of physicians made pursuant to the requirements dealing with communicable disease control (§§ 2221, 2306); the identity of persons reported to be suffering birth defects (§ 2733); the identity of users of certain drugs discovered during the enforcement of regulations pertaining to the Narcotic Drug Control Law (§§ 3304, 3389), are all required to be kept confidential.
Justification for the legislative treatment of these special categories is apparent. The protection of the legitimate interest of the owner of a valuable secret formula or process overrides the interest of the public to have access to knowledge of such formula or process. The interest that society has in encouraging persons suffering from communicable diseases to seek treatment by physicians overrides the interest of the public in requiring physicians to reveal the identity of those who seek their aid. Similarly, those involved in the use of narcotics should not, in the public interest, be deterred from seeking medical assistance by the fear of having their identity revealed, and this consideration overrides such interest as the public might have in learning their identity. A similar sound reason is behind the requirement that birth defect reports be kept confidential.
The court is now urged to create an additional category of confidential public health records, a category wherein the records might reveal violations of the sanitary code adopted for the preservation of the health of migrant farm workers. It is argued that the public interest will be best served by concealing from the eyes of those interested in the enforcement of this law, any records which would disclose the manner in which it was being enforced, the nature and kinds of violation of the law which exist in the county, and the identities of those who do not comply with the law. I cannot agree that any consideration of public policy requires such a result. Indeed, a sound public policy requires the opposite result. Whether the Orange County Health Department is properly discharging its function is an important public concern of all of the residents of Orange County. The sanitary conditions prevailing in migrant labor camps in Orange County are also a major concern of all of its *590 citizens. The salutary effect of making available to public scrutiny the public records sought by petitioner outweighs any individual interest in concealment. Had the Legislature intended to make these records confidential, it would have done so as it has done in the special categories cited supra.
I have not dealt in this memorandum with the objections raised to the status of petitioner as a community worker of the Orange County Legal Project to render legal assistance to local farm and migrant workers. His right to inspect the records, under reasonable conditions of inspection, is based upon his status as a citizen and taxpayer of Orange County, and the public nature of the records.
Settle judgment on notice.