Francis R. Moran, J.
The petitioners seek a judgment nullifying a decision of the Syracuse City Planning Commission which denied pétitioners a special permit to operate a restaurant dispensing alcoholic beverages at 114 Burt Street, Syracuse, New York. Hercules Cannon and Florence Cannon are partners in the operation of a restaurant known as ‘ ‘ Cannon Restaurant ” at 513 South West Street, Syracuse, New York. They presently have a tavern liquor license at that address but then applied to the State Liquor Authority to move the license to 114 Burt Street. The removal application was finally granted by the State Liquor Authority on May 25, 1972, pending notification by the petitioners that they were ready to move.
Subsequent to the issuance of the removal application, the petitioners claim that they became aware of a requirement by thé City of Syracuse of the need for a special permit before they could utilize the premises at 114 Burt Street as a restaurant dispensing alcoholic beverages for on-premises consumption. After a hearing concerning their application for the special permit, the City Planning Commission of the City of Syracuse denied the application.
A resolution of one issue can resolve this proceeding, namely, whether part C, section IV, article 2 of the Zoning Rules and Regulations of the City of Syracuse conflicts with State law, as applied to the facts in this case.
Section 2 of the Alcoholic Beverage Control Law provides in part as follows: “ Policy of state and purpose of chapter. It is hereby declared, as the policy of the state that it is necessary to regulate and control the manufacture, sale and distribution within the state of alcoholic beverages for the purpose of fostering and promoting temperance in their consumption and respect for and obedience to law. It is hereby declared ■that such policy will best be carried out by empowering the liquor authority of the state to determine whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed thereby, subject only to the right of judicial review hereinafter provided for. It is the purpose of this chapter to carry *1074 out that policy in the public interest. The restrictions, regulations and provisions contained in this chapter are enacted by the legislature for the protection, health, welfare and safety of the people of the state.” With this policy and purpose in mind, it can be safely stated that as a general proposition of law, the regulation of the sale of alcoholic beverages is solely within the province of the Legislature of the State of New York. A number of cases have defined the range of the State’s policies in this field and have struck down local statutes which have attempted to regulate the class of alcoholic beverages.
Blumfield v. Town of Ramapo (30 Misc 2d 678) declared a town ordinance invalid because it attempted to restrict the hours of sale of alcoholic beverages. The following language was used by the court in construing the policy of the State regarding the control of alcoholic beverages (p. 680): “ The court is of the opinion that the arguments advanced by defendant town are untenable and cannot be sustained. It is quite apparent that the provisions of the Alcoholic Beverage Control Law are exclusive and State-wide in scope and that the power to restrict and regulate the sale of alcoholic beverages is solely the province of the Legislature of the State of New York (William Mullare, Inc. v. Town of Hempstead, 11 Misc 2d 245; Grundman v. Town of Brighton, 1 Misc 2d 860) and was not intended to be shared with the multitudiness municipalities in the State. There can be no doubt that through the Alcoholic Beverage Control Law and its comprehensiveness the State has pre-empted the field in dealing with the sale, regulation and distribution of alcoholic beverages and, so long as such legislative declaration and mandate continues to express the legislative intent, this court will not construe section 86 of the General Municipal Law as indicative of a contrary intent and a repeal by implication of the pertinent sections of the Alcoholic Beverage Control Law, particularly subdivision 5 of section 106 thereof. The positive policy expressed by the Legislature in the Alcoholic Beverage Control Law should not be overridden or curtailed insofar as the sale, regulation and distribution of alcoholic beverages are concerned except by another equally plain déclaration and command.”
There are situations where a municipality has the power to grant or deny special permits to restaurants within business, residential or commercial zones provided that the ordinance applied to all restaurants, whether or not they dispense alcoholic beverages. (Town of Onondaga v. Hubbell, 19 Misc 2d 999, affd. 9 A D 2d 1024; Matter of Off Shore Rest. Corp. v. *1075 Linden, 30 N Y 2d 160.) In this case, however, the local statute in question refers solely and specifically to ‘ restaurants or other establishments selling or dispensing alcoholic beverages for consumption on premises,” (part C, section IV, article 2 of the Zoning Rules and Regulations of the City of Syracuse). There is a direct, explicit attempt by the city to regulate an area that the State has pre-empted. Even the decision of the City Planning Commission refers to the same type of criteria mentioned within .section 2 and section 64-a of the Alcoholic Beverage Control Law which the State Liquor Authority has already passed upon. For example, the Planning Commission, in its decision, decided that the location of the petitioners’ proposed restaurant would be incompatible with the location of other similar establishments; and that there was no need for another such establishment in that area. Clearly, these findings constitute an attempt to regulate the sale and distribution of alcoholic beverages contrary to the Alcoholic Beverage Control Law and are therefore invalid.