Richard F. Kuhnen, J.
This proceeding is brought by the Town of Fenton for injunctive relief pursuant to section 123 of the Alcoholic Beverage Control Law. The town seeks to enjoin the continued operation of a tavern or restaurant by respondent Michael C. Tedino. The premises in question are located in a zone designated as Neighborhood-Commercial (C-N) under the Town of Fenton Zoning Ordinance. The town claims, and one court has so held, that a tavern is not a permitted use within the C-N zone. Respondent counters that his establishment is a restaurant and not a tavern; however, even if this were the case, section 421-f of the town zoning ordinance requires site plan approval prior to conducting such a business in a C-N zone and at present no such approval has been obtained. *320 Respondent Tedino also attacks the validity of this ordinance on several grounds. It will not be necessary to examine the merits of these zoning questions, however, for it appears the town is not entitled to the relief sought as a matter of law.
Section 123 of the Alcoholic Beverage Control Law, under which the town has proceeded, states in part ‘ ‘ If any person * * * shall traffic in liquor, wine or beer contrary to any provision of this chapter, or otherwise unlawfully * * * the * * * town * * # may present a verified petition * ■ * * for an order enjoining such person * * * from carrying on such business. ’ ’ A proceeding of this nature opens the simple question of whether a person is selling alcoholic beverages legally. (Matter of Van Vleck v. Klein, 49 Misc 2d 240.) Concededly the respondent is selling alcoholic beverages pursuant to a special on-premises license issued by the State Liquor Authority and there has been no allegation that he has violated any of the provisions of the Alcoholic Beverage Control Law. Assuming arguendo that respondent’s establishment is in violation of the Town of Fenton Zoning Ordinance, the only question for this court is whether by virtue of such violation respondent is deemed to be engaged in illegal sale of alcoholic beverages.
It is contended by the town that the phrase “ otherwise unlawfully ’ ’ indicates that a violation of the licensing requirements or other provisions of the Alcoholic Beverage Control Law is not the only ground for injunctive relief under section 123, but that this section also contemplates illegal sales arising from zoning ordinance violations. The town argues that if the operation of a business is contrary to the town zoning ordinance, all activities which are essential to or in furtherance of the conduct of that business are also illegal. In other words, if the entire business is unlawful and if the sale of alcoholic beverages is a facet of that operation, such sale is also unlawful and is thus a proper subject of injunctive relief pursuant to section 123.
While this argument does have a certain logical appeal, the law in this State is clearly to the contrary. Section 123 was promulgated specifically to prevent illegal traffic in alcoholic beverages. (Matter of J. R. Liqs. v. State Liq. Auth., 46 Misc 2d 867, affd. 25 A D 2d 819.) The determination of which activity shall or shall not fie construed as illegal in regard to the handling of these beverages, however, is strictly a matter of State concern. The State, through the Alcoholic Beverage Control Law, has pre-empted the field and has determined that the regulation of the sale of alcoholic beverages is solely within *321 the jurisdiction of the State Legislature. (Tad’s Franchises v. Incorporated Vil. of Pelham Manor, 42 A D 2d 616; Blumfield v. Town of Ramapo, 30 Misc 2d 678.) Under this declared State policy (Alcoholic Beverage Control Law, § 2) local governments have no right to legislate with respect to these activities. (Matter of Cannon v. City of Syracuse, 72 Misc 2d 1072; Grundman v. Town of Brighton, 5 Misc 2d 1006.) In accordance with the State’s exclusive authority in this realm, local ordinances which have attempted to regulate or control in this area' have consistently been held invalid. (Tad’s Franchises v. Incorporated Vil. of Pelham Manor, supra; Matter of Cannon v. City of Syracuse, supra; Blumfield v. Town of Ramapo, supra.)
This is not to say that the town has no power to enact zoning ordinances which infringe on the right to sell alcoholic beverages or that an individual licensed by the State can violate such local rules with immunity. Local zoning ordinances which exclude or limit restaurants and food service operations are valid provided that the ordinance in question applies to all such establishments regardless of whether or not they dispense alcoholic beverages. (Matter of Cannon v. City of Syracuse, supra.) However, an individual who violates such an ordinance is guilty only of committing the wrong which the zoning ordinance was intended to prevent. By such infraction he cannot be held to have committed a wrong over which the local government has no power to legislate.
The purpose of a zoning ordinance is to control and regulate the utilization, growth and development of the land within a certain locality. (Matter of Weinrib v. Weisler, 33 A D 2d 923, affd. 27 N Y 2d 592; Barkmann v Town of Hempstead, 268 App. Div. 785, affd. 294 N. Y. 805.) Such local regulations relate solely to the land within a designated district and have no force and effect beyond that scope. A zoning ordinance, therefore, does not make any particular activity illegal per se, but merely makes it illegal for an individual to utilize his land in the manner proscribed by the statute. The distinction drawn here may appear more imaginary than real, but when examined in relation to other activities regulated by the State, its application becomes readily apparent. For example, if a physician were to set up an office and conduct business in a residential neighborhood which strictly prohibited any commercial activities, he would be guilty of a zoning violation. It could not be contended, however, that he was also engaged in the illegal or unlawful practice of medicine as a result of such infraction. The same would be the case in situations involving other State *322 regulated activities such as law, dentistry or banking. A similar result must also follow in the domain of alcoholic beverage control since the State has pre-empted the field of regulation to the exclusion of local governments.
Under the Town of Fenton zoning ordinance, a tavern is not a permitted use within a Neighborhood-Commercial zone and restaurants are permitted only after site plan approval has been obtained. At most then, respondent is guilty of operating his premises as a tavern or as a restaurant without first having obtained the necessary approvals. It cannot be said, however, that the specific act of selling alcoholic beverages on the premises in question is unlawful within the meaning of that term as contemplated by section 123 of the Alcoholic Beverage Control Law.
Nor can it be held that the State Legislature intended the words ‘ ‘ otherwise unlawfully ’ ’ to cover the factual situation presented here. There has been no express grant of regulating power to the town and the repeal by implication of the provisions of section 2 of the Alcoholic Beverage Control Law cannot be decreed in the absence of a clear legislative intention to effect that purpose. (Society of N. Y. Hosp. v. Johnson, 5 A D 2d 552, affd. 5 N Y 2d 102.) This phrase, therefore, must be interpreted to refer to any other laws or regulations dealing with the sale of alcoholic beverages outside the provisions of the Alcoholic Beverage Control Law which the Legislature might enact, such as section 260.20 of the Penal Law.
A zoning ordinance violation, therefore, does not constitute illegal sale of alcoholic beverages such as would entitle the petitioner to injunctive relief pursuant to section 123 of the Alcoholic Beverage Control Law. .The town, however, is not without remedy to prevent violations of its zoning ordinances. In addition to criminal proceedings, which this court understands have already been instituted, the town may also seek to enjoin violatipns pursuant to the provisions of article 63 of the CPLR.
The motion by petitioner is denied.