Everett J. Johns, Esq. Clarkstown Town Attorney
You request our opinion whether your town has power to adopt certain proposed zoning regulations relating to the sale and consumption of alcoholic beverages. The Rockland County Restaurant, Hotel and Tavern Association, Inc. has asked for the regulations applicable to the issuance of new licenses. The Association wishes to restrict premises in which alcoholic beverages could be sold and/or consumed to those having a special permit which could be issued only (1) if the premises were located 500 feet or more from a place of worship or a school (the Alcoholic Beverage Control Law § 64 subd 7 and elsewhere, provides for 200 feet), and (2) where there is one automobile parking space provided for every three patrons and one for each employee. The Association also requests a provision that no special permit would be issued even if the above criteria were met where there are more licensees than one for each 3,000 of population in the town.
The requested regulations would if adopted tend to reinstitute the monopolistic conditions in the business deplored in the reports of the Moreland Commission which led to the amendments, commencing with chapter 531 of the Laws of 1964, to the Alcoholic Beverage Control Law.
Alcoholic Beverage Control Law § 2 preempts the field of regulation of licensing the sale of alcoholic beverages throughout the State. It was held in Matter of Cannon v City of Syracuse, 72 Misc.2d 1072 (Sup Ct, Onondaga Co, 1973), that regulations such as you describe constitute an attempt to regulate the sale of alcoholic beverages contrary to the Alcoholic Beverage Control Law. See also, Grundman v Town of Brighton,1 Misc.2d 860 (Sup Ct, Monroe Co, 1955).
In our opinion, a municipality cannot regulate the place of sale and consumption of alcoholic beverages by requiring special permits under zoning regulations.