Hon. David J. Gilmartin County Attorney County of Suffolk
This is in reply to your request for an opinion as to whether the Suffolk County Legislature may adopt a local law which would ban the sale of all non-returnable soft drink and beer containers and establish a mandatory deposit on all such beverage containers sold within Suffolk County. You also ask, since the proposed local law would include regulation of beer bottles and cans, whether the State of New York, in enacting the Alcoholic Beverage Control Law and creating the State Liquor Authority which promulgates the various rules and regulations pursuant to that law, has preempted the field of regulation of disposable alcoholic beverage containers so as to preclude Suffolk County from taking any legislative action in this area.
We initially note that, in addition to powers granted by the State Constitution (Art IX, § 2), general powers to adopt local laws are conferred upon local governments by Municipal Home Rule Law, § 10. Subdivision 1 (ii) (a) (12) (b) of section 10 provides that a county may regulate business only in those areas of the county outside cities, villages or towns where such municipalities are regulating the business in question, except where plenary regulation by the county is specifically authorized. Your office has informed us that at the present time, none of the villages or towns (there are no cities in Suffolk County) are regulating beverage containers.
As noted in your letter, the questions posed by you are not unlike those discussed in an earlier opinion of this office (1972 Op Atty Gen 173), wherein Rockland County considered adopting a law prohibiting the sale of disposable containers. It was there opined that "the adoption of a local law prohibiting the sale of disposable containers * * * is within the legislative power of the county as defined in the provisions of the [State] Constitution [Article IX, Section 2] and the Municipal Home Rule Law [§ 10]."
There appears no reason to question the present validity of this position. The broad police power granted to local governments by the State Constitution and the Legislature has not since been abridged. Additionally, our Court of Appeals has recently declared that "aesthetics [as well as public health and safety] constitutes a valid basis for the exercise of the police power" (Suffolk Outdoor Adv. v Hulse, 43 N.Y.2d 483,490-491 [1977]).
Further, while there are no New York cases directly in point, the highest courts of the States of Vermont, Oregon and Maryland have held legislation similar to that proposed, both on State and local levels, valid in the face of various constitutional objections (Anchor HockingGlass Corp. v Barker, 118 Vt. 206, 105 A.2d 271 [1954]; American Can Co.v Oregon Liquor Control Comm., 15 Or. App. 618, 517 P.2d 691 [1973];Bowie Inn, Inc. v Bowie, 274 Md. 230, 335 A.2d 679, 73 ALR3d 1079
[1975]).
With respect to your second question, it is well established that a municipal government may not enact legislation which would conflict with the provisions of the Alcoholic Beverage Control Law or the Rules of the State Liquor Authority (TJPC Rest. v Liq. Auth., 61 A.D.2d 441 [4th Dept, 1978]; Blumfield v Town of Ramapo, 30 Misc.2d 678 [Sup Ct, Rockland Co, 1961]). However, the Alcoholic Beverage Control Law contains no provision relating to regulation of alcoholic beverage containers and the only pertinent Rule promulgated by the State Liquor Authority (9 NYCRR Part 89) merely fixes minimum deposits to be charged by licensees selling beer in reusable containers. In so doing, Part 89 implicitly sanctions the sale of beer in reusable containers. Thus, a local law prohibiting the sale of beer in non-returnable containers would not in any way conflict with State law (provided, of course, that the deposits required by the local law are not less than the minimum amounts fixed by Part 89) and could not be considered an attempt to regulate an area that the State has preempted (see, Town of Onondaga v Hubbell, 19 Misc.2d 999, 1003-1005
[Sup Ct, Onondaga Co, 1959], affd 9 A.D.2d 1024 [4th Dept, 1959], revd on other grds 8 N.Y.2d 1039 [1960]; Mtr. of Cannon v City of Syracuse,72 Misc.2d 1072 [Sup Ct, Onondaga Co, 1973]).
In view of the foregoing, it is our opinion that this office's 1972 opinion on the matter remains valid and provides the answers to your questions, namely, that Suffolk County may adopt a local law banning the sale of soft drinks and beer in non-returnable containers and establishing a mandatory deposit on beverage containers sold within the County.