Murray T. Feiden, J.
This is an application for leave to -reargue the dismissal of a petition- brought pursuant to section 123 of the Alcoholic Beverage Control Law (49 Misc 2d 240). The application can be more accurately characterized as one for leave to renew.
*623 At the outset it is necessary to dispose of the respondents’ objections that the application is not timely made because more than three months have elapsed since the order of the court was entered on its original decision and that the petitioner should pursue its appeal according to its notice of appeal served April 1, 1966. Generally speaking, reargument will not be allowed after the time to appeal from the original order has expired and there has been a failure to file a notice of appeal within the required time. (New York Cent. R. R. Co. v. Beacon Milling Co., 184 Misc. 187.) The rationale for this rule is that a motion for reargument cannot be used to circumvent the statute prescribing the time within which an appeal must be taken. (People v. Dellamura, 28 N. Y. S. 2d 584; Klipstein & Co. v. Marchmedt, 39 Misc. 794.)
Here, however, a notice of appeal has been duly filed so that it cannot be said that the petitioner seeks to circumvent the law. Nor does the fact that the applicant has filed a notice of appeal from the original determination present any obstacle to a motion for reargument (Matter of Friedman, 123 Misc. 809, reversed on other grounds, 215 App. Div. 130). All that is required is that the motion be made promptly and in any event within a reasonable time after the original determination. (People v. Fay, 183 Misc. 708.) Whether this application be deemed a motion for leave to reargue or to renew or both, the court finds that under the circumstances the application has been made within a reasonable time.
The basis for the application is that this court, in making its determination, relied on the decisional law then in effect but that Matter of Forman v. New York State Liq. Auth. (25 A D 2d 563, revd. 17 N Y 2d 224) has set forth guidelines which should be considered by this court. In making its original determination (49 Misc 2d 240) the court indicated its sympathy with the petitioner’s position and its dissatisfaction with the hearing procedures adopted by the Authority but was constrained to hold as it did because of the afore-mentioned decisional law which did not provide any guidelines to aid the court.
The Court of Appeals in the Forman case has now set up guidelines and has imposed upon the Authority a requirement that it (p. 228) “ develop a complete record as to the package store license application and to establish the basis for the Authority’s conclusion that the grant of the license will promote ‘ public convenience and advantage ’ ” and (p. 229) “ that the Authority when challenged in court, although it need not produce ‘ findings ’ of the conventional sort, must show forth a *624 rational basis for its conclusion as to ‘ public convenience and advantage. ’ ” It thus appears that the initial burden of setting forth the rationale behind the granting of the license rests with the Authority.
A re-examination of the answer and record, in the light of the foregoing guidelines, discloses that said answer and record (except for a hearing held by the Authority which will hereinafter be discussed in detail) approximate and are substantially similar to those in the Forman case. They contain the general and stereotyped digest sheets, reports of investigation, etc., which, according to the guidelines in the Forman ease, fail to set forth a rational basis for the Authority’s conclusion that the granting of the license will promote public convenience and advantage.' If anything, the record in this ease is weaker than that in the Forman case because here the Authority overruled the unanimous recommendations of the members of the local New York City Alcoholic Beverage Control Board which disapproved the issuance of a new license on the ground that it would not be in the interest of the public, whereas in the Forman case the local board approved the application. There is a significant resemblance in both cases in that in the Forman case the distance between stores was 75 feet and in the instant case it is approximately 80 feet.
The respondents’ chief resistance to the present application is based on the fact that there was no statutory hearing in the Forman case whereas such hearing was held and the record of same furnished to the court in the instant case and that said record contains material which goes beyond that found in the Forman case. Other than offering in evidence some routine documents, the so-called hearing consisted of the hearsay testimony and unsupported arguments and conclusions of two obviously biased witnesses, one of whom was the attorney for the landlord of the new licensee and the other the attorney for the new applicant. The general tenor of this hearing is demonstrated by the unchallenged characterization of the landlord’s attorney as a disinterested witness. These attorneys then proceeded to testify that the petitioner’s store employs approximately 11 salesmen, that it is overly busy, that service is slow and it is necessary to stand in line. No attempt was made to establish the accuracy thereof. Such information, if based upon an investigation by a disinterested agency or even the testimony of biased persons based upon personal observations, might have some relevancy. To characterize these proceedings as a “hearing” is sheer sophistry. Although it might not be *625 necessary to follow stringent rules of evidence at an administrative hearing so that hearsay evidence is not excluded, nevertheless certain safeguards are to be followed in giving effect to that type of evidence. Thus, it has long been the rule in this State that hearsay evidence alone is not sufficient upon which to base an administrative determination. There must be a residuum of legal evidence or evidence of some probative value to support such a determination. (Richardson, Evidence [9th ed.], § 213a, p. 205; Matter of Carroll v. Knickerbocker Ice Co., 218 N. Y. 435, 439, 440; Matter of Altschuller v. Bressler, 289 N. Y. 463; Matter of Doca v. Federal Stevedoring Co., 308 N. Y. 44, 54; Levins v. Bucholtz, 2 A D 2d 351.) Applying the more recent and superseding requirement of “ substantial evidence ” to support an administrative determination, we find that the evidence must be such as a reasonable man might accept as adequate to support a conclusion or, stated in another way, it means evidence which is entitled to carry conviction (Matter of Phinn v. Kross, 8 A D 2d 132, 136-137; Matter of Kopec v. Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 N. Y. 65, 71-72; 38 St. John’s L. Rev., p. 124).
When the Court of Appeals in the Forman case stated that there must be a complete record to establish a rational basis for the Authority’s conclusion, it presumably means a record based upon evidence which meets the above requirements. A record based upon mere hearsay and biased conclusions does not satisfy the requirements of the Forman case. To hold otherwise would be to nullify and render ineffectual the guidelines set forth in the Court of Appeals decision in the Forman case.
That the aforesaid hearing served no useful purpose and merely provided a podium from which the attorneys for the interested parties could espouse their cause, is highlighted by the fact that the petitioner, whose store is almost directly across the street from the new licensee, was not notified of the hearing, although he specifically requested such notice, and was not afforded an opportunity to appear to refute any of the hearsay and biased conclusions at such hearing. As was pointed out by this court in its original decision, although a competitor does not have the legal right to participate in such hearing (Alcoholic Beverage Control Law, § 54, subd. 3, as made applicable by § 63, subd. 2) it would certainly be better practice to afford an opportunity to an existing licensee, only 80 feet away and who is about to suffer a blow to his economic well-being, to refute the testimony of biased witnesses. The Authority might obtain additional information which it otherwise might not have, and would *626 also be in a better position to urge that there was a rational basis for its decision if it permitted and even sought out those who have personal knowledge of the facts to appear and testify.
Although this court in its original decision held that American Communications Assn. v. United States (298 F. 2d 648) is inapplicable, the Authority should be guided by the rationale of said decision with regard to the exercise of discretion in permitting an interested party to appear at a hearing. In this connection it is pertinent to point out that the record here is barren as to whether the Authority gave notice of the hearing to the local board as required by the Alcoholic Beverage Control Law.
The Authority also argues that the instant case is different from the Forman case in that here an investigation was made by the local board as well as the State Liquor Authority. If anything, this argument highlights the weakness of respondents’ position because the local board unanimously disapproved of the application.
Finally, it is argued by the respondents that this case is different because in the Forman case all of the competing package stores together did a gross business of $690,000 a year, while in the present case the petitioner itself does approximately that amount alone per year. Such fact, even if true (the record in the instant case discloses a gross of $551,000 per year) does not establish any rational basis for finding that public convenience and advantage will be served by the granting of an additional license across the street from the petitioner herein. To hold otherwise would penalize an existing licensee because he made a substantial investment and happens to be an efficient and good merchandiser.
This court rejects the argument of the Authority that the Forman case is an island standing on its own facts. The decision in that case does not apply to every factual situation but it is a guide which indicates the path to be taken by the Authority in arriving at its determinations.
Accordingly, application for leave to reargue (also deemed an application for leave to renew) is granted and after reconsideration, the court is constrained to find that under the Court of Appeals decision in the Forman case, there is no rational basis for the Authority’s eonclusory finding of “ public convenience and advantage ”. The prior determination made by this court is vacated and the matter remitted to the respondent Authority for further proceedings not inconsistent with this opinion and the determination of the Court of Appeals in the Matter of *627 Forman v. New York State Liq. Auth. (supra). See, also, Matter of Stillwell Ave. Liq. Corp. v. State Liq. Auth. (N. Y. L. J., May 16,1966, p. 17, col. 5 [Feiden, J.]); F. & H. Liq. Center v. New York State Liq. Auth. (N. Y. L. J., Nov. 11, 1966, p. 16, col. 6 [Hecht, J.]); McNulty v. State Liq. Auth. (N. Y. L. J., June 9, 1966, p. 18, col. 6 [Tessler, J.]); Gates Wine & Liq. Corp. v. State Liq. Auth. (N. Y. L. J., June 9,1966, p. 17, col. 7 [Di Giovanna, J.]). In view of the fact that a competitor has standing to contest the determination of the Authority (Matter of McNulty v. State Liq. Auth., 17 N Y 2d 434; Matter of Forman v. New York State Liq. Auth. (supra), the Authority is directed to serve notice of its determination after the further proceedings, in the same manner as the individual respondents are notified.