PHYLLIS TEWARI, Individually and as Administratrix of the Estate of JENNIFER TEWARI, Deceased, Respondent, v STEVEN TSOUTSOURAS, Appellant.

Second Department, September 12, 1988

---

### APPEARANCES OF COUNSEL

*O'Leary & O'Leary (Joseph D. Furlong* of counsel), for appellant.

*Schneider, Kleinick & Weitz, P. C. (Charles J. Nolet, Jr.,* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

This appeal involves the newly enacted legislation concerning medical malpractice actions. Specifically, the issue before us is whether the plaintiff's failure to timely file a notice of this medical malpractice action, pursuant to CPLR 3406 (a), was properly excused by the Supreme Court. Under the circumstances, we find that the Supreme Court improvidently exercised its discretion by granting the plaintiff's request for leave to serve a late CPLR 3406 (a) notice. Consequently, the defendant's motion to dismiss the complaint should be granted and the complaint dismissed.

I

The relevant facts are not in dispute.

On or about March 4, 1986, the plaintiff Phyllis Tewari, individually and as Administratrix of the Estate of Jennifer Tewari, her deceased infant daughter, commenced this action to recover damages, *inter alia,* for Jennifer's death and conscious pain and suffering predicated upon the defendant physician's alleged medical malpractice, which purportedly resulted in Jennifer's death on March 26, 1984.

Thereafter, on or about June 6, 1986, the defendant served an answer and by notices dated June 6, 1986, he sought certain discovery including "authorizations for all treating doctors'" records including but not limited to those of Drs. Robinson and Rutkowski and "authorizations to obtain all hospital records and charts" including but not limited to those of "Booth Memorial Hospital; NYU Medical Center; Bellevue Medical Center; and North Shore Hospital". In addition, the defendant demanded a bill of particulars.

By a series of letters, during a four-month period from the end of June 1986 to the middle of October 1986, the defendant's counsel requested the plaintiff's authorizations for the records concerning the infant's admissions, by date, at Booth Memorial Hospital, New York University Medical Center, and North Shore University Hospital; the records regarding an admission at Bellevue Hospital and the records of Drs. Robinson and Rutkowski. The plaintiff's counsel does not dispute

that his office received this correspondence but did not respond to it.

By notice of motion dated March 16, 1987, the defendant moved for an order dismissing the action on the ground that the plaintiff had failed to file a notice of medical malpractice action, within 60 days of the joinder of issue, as required by CPLR 3406 (a), and that the plaintiff had not made any application to extend her time to file the required notice.

On or about April 24, 1987, the plaintiff cross-moved pursuant to CPLR 2004 for leave to file a late CPLR 3406 (a) notice, and to schedule a precalendar conference pursuant to CPLR 3406 (b). In support of the cross motion, the plaintiff's counsel claimed in his affirmation that the plaintiff had not deliberately failed to comply with the directives of CPLR 3406 (a) but that counsel had been awaiting production of voluminous medical records to properly answer the defendant's demand for a bill of particulars, and to serve the defendant with appropriate authorizations. The plaintiff's counsel further indicated that as of April 23, 1987, he had served upon the defendant a bill of particulars, duly executed authorizations for all hospital, X-ray and physician records, including those specifically requested by the defendant and that the only outstanding discovery matters were the depositions of the defendant and the plaintiff. The plaintiff's counsel also annexed a proposed notice of medical malpractice action.

In a reply affirmation opposing the plaintiff's cross motion, the defendant's counsel asserted that the plaintiff had failed to offer an excuse for her failure to comply with the defendant's numerous requests for authorizations, which only required the plaintiff's counsel to meet with her and have her execute the authorizations and that the plaintiff had not submitted an affidavit of merit with regard to her claims.

The Supreme Court, Queens County, denied the defendant's motion and granted the plaintiff's cross motion based upon "the circumstances herein and in the interest of justice". The defendant's appeal ensued.

## II

CPLR 3406, added to the CPLR by Laws of 1985 (ch 294), and amended by Laws of 1986 (ch 485), provides, as follows:

"(a) Mandatory filing. Not more than sixty days after issue is joined, the plaintiff in an action to recover damages for dental, medical or podiatric malpractice shall file with the

clerk of the court in which the action is commenced a notice of dental, medical or podiatric malpractice action, on a form to be specified by the chief administrator of the courts. Together with such notice, the plaintiff shall file: (i) proof of service of such notice upon all other parties to the action; (ii) proof that, if demanded, authorizations to obtain medical, dental, podiatric and hospital records have been served upon the defendants in the action; and (iii) such other papers as may be required to be filed by rule of the chief administrator of the courts. The time for filing a notice of dental, medical or podiatric malpractice action may be extended by the court only upon a motion made pursuant to section two thousand four of this chapter.

"(b) Pre-calendar conference. The chief administrator of the courts, in accordance with such standards and administrative policies as may be promulgated pursuant to section twenty-eight of article six of the constitution, shall adopt special calendar control rules for actions to recover damages for dental or medical malpractice. Such rules shall require a pre-calendar conference in such an action, the purpose of which shall include, but not be limited to, encouraging settlement, simplifying or limiting issues and establishing a timetable for disclosure, future conferences, and trial. The timetable for disclosure shall provide for the completion of disclosure not later than twelve months after the notice of dental or medical malpractice is filed and shall require that all parties be ready for the trial of the case not later than eighteen months after such notice is filed. The initial pre-calendar conference shall be held after issue is joined in a case but before a note of issue is filed and before a medical malpractice panel hearing, if any, is scheduled. To the extent feasible, the justice convening the pre-calendar conference shall hear and decide all subsequent pre-trial motions in the case and shall be assigned the trial of the case. The chief administrator of the courts also shall provide for the imposition of costs or other sanctions, including imposition of reasonable attorney's fees, dismissal of an action, claim, cross-claim, counterclaim or defense, or rendering a judgment by default for failure of a party or a party's attorney to comply with these special calendar control rules or any order of a court made thereunder. The chief administrator of the courts, in the exercise of discretion, may provide for exemption from the requirement of a pre-calendar conference in any judicial district or a county where there exists no demonstrated need for such conferences."

CPLR 2004 provides, as follows: "Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed."

Pursuant to CPLR 3406, the Chief Administrator of the Courts adopted special rules, in pertinent part, as follows:

"202.56 Medical, dental and podiatric malpractice actions; medical and podiatric malpractice panels; special rules.

"(a) *Notice of medical, dental or podiatric malpractice actions.*

"(1) Within 60 days after joinder of issue by all defendants named in the complaint in an action for medical, dental or podiatric malpractice, or after the time for a defaulting party to appear, answer or move with respect to a pleading has expired, the plaintiff shall obtain an index number and file a notice of such medical, dental or podiatric malpractice action with the appropriate clerk of the county of venue, together with:

"(i) proof of service of the notice upon all other parties to the action;

"(ii) proof that, if demanded, authorizations to obtain medical, dental and hospital records have been served upon the defendants in the action;

"(iii) copies of the summons, notice of appearance and all pleadings, including the certificate of merit if required by CPLR 3012-a;

"(iv) a copy of the bill of particulars, if one has been served;

"(v) a copy of any arbitration demand, election of arbitration or concession of liability served pursuant to CPLR 3045; and

"(vi) if requested and available, all information required by CPLR 3101 (d) (1) (i).

"The notice shall be served simultaneously upon all such parties. If the bill of particulars, papers served pursuant to CPLR 3045, and information required by CPLR 3101 (d) (1) (i) are not available, but later become available, they shall be filed with the court simultaneously when served on other parties * * *

"(3) Such notice shall be filed after the expiration of 60 days only by leave of the court on motion and for good cause

shown. The court shall impose such conditions as may be just, including the assessment of costs.

"(b) *Medical, dental and podiatric malpractice preliminary conference.* (1) The judge, assigned to the medical, dental or podiatric malpractice action, as soon as practicable after the filing of the notice of medical, dental or podiatric malpractice action, shall order and conduct a preliminary conference and shall take whatever action is warranted to expedite the final disposition of the case, including, but not limited to:

"(i) directing any party to utilize or comply forthwith with any pretrial disclosure procedure authorized by the Civil Practice Law and Rules;

"(ii) fixing the date and time for such procedures, provided that all such procedures must be completed within 12 months of the filing of the notice of medical, dental or podiatric malpractice action unless otherwise ordered by the court;

"(iii) directing the filing of a certificate of readiness when the action otherwise is ready for trial, except for the panel hearing required by section 148-a of the Judiciary Law and this section;

"(iv) referring the action to a medical or podiatric malpractice panel, where required by law;

"(v) directing the filing of a note of issue after the action has been heard by a malpractice panel or, where no malpractice panel is required, at the time the certificate of readiness is filed, provided that the filing of the note of issue, to the extent feasible, be no later than 18 months after the notice of medical, dental or podiatric malpractice action is filed * * *

"(2) A party failing to comply with a directive of the court authorized by the provisions of this subdivision shall be subject to appropriate sanctions, including costs, imposition of appropriate attorney's fees, dismissal of an action, claim, cross-claim, counterclaim or defense, or rendering a judgment by default" (22 NYCRR 202.56).

### III

The defendant claims that the Supreme Court erred by denying his motion for dismissal of the complaint and permitting the plaintiff to file a late CPLR 3406 (a) notice because the plaintiff failed to show a reasonable excuse for her more than eight-month delay in seeking leave to file a late CPLR 3406 (a) notice and she failed to demonstrate the meritorious nature of her claims. We agree.

The Legislature enacted CPLR 3406, establishing special mandatory rules concerning calendar practice in malpractice actions, as part of a "comprehensive reform" of the malpractice adjudication system (L 1985, ch 294, § 1). Specifically, the Legislature intended to improve the adjudication of malpractice claims, in pertinent part, "[b]y expediting case resolution, [and] discouraging frivolous claims and defenses" (L 1985, ch 294, § 1). As noted in the Governor's program memorandum in support of this new legislation:

"The 'medical malpractice crisis' has increasingly been viewed as resulting from the inability of the existing litigation structure to provide compensation for injured persons adequately, efficiently and fairly. Efforts must be directed towards; 1) speeding the resolution of cases; [and] 2) deterring the initiation of frivolous suits and the use of dilatory defense strategies * * *

"2. To expedite the resolution of malpractice claims, thereby reducing costs attributed to malpractice litigation: A major contributor to the cost of medical malpractice insurance is delay. As the time span between the medical malpractice event and the ultimate disposition of the claim increases, so does the cost of malpractice insurance because of increased litigation expenses and greater uncertainty in predicting appropriate premium rates. A number of steps can be taken to expedite litigation, to encourage prompt settlements and to deter parties from asserting frivolous claims and defenses * * *

"c. *Mandatory Pre-calendar Conferences in Medical Malpractice Actions:* Shortly after litigation is commenced, parties would be required to confer with an assigned judge to explore settlement possibilities, establish deadlines for discovery and trial and resolve uncontested issues. Where possible, the same judge who will later rule on pretrial motions and preside at the trial will be assigned to the pre-calendar conference. The *provision would require that discovery be completed within twelve months and that the parties be ready for trial within eighteen months*" (1985 NY Legis Ann, at 131-133).

The specific purpose of the mandatory CPLR 3406 (a) notice is to trigger the special "pre-calendar conference" provided for by CPLR 3406 (b) *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3406 [1988 Supp Pamph], at 76-77; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3406.01, at 34-110). CPLR 3406 (b), concerning the schedule

of disclosure and readiness for trial, further provides for sanctions, including the dismissal of an action, for the failure of a party or the party's attorney to comply with these special calendar control rules. Therefore, while a plaintiff may seek to extend her time to file the CPLR 3406 (a) notice, the motion should be granted only "upon good cause shown" (CPLR 2004; *see also,* 22 NYCRR 202.56 [a] [3]), and if the plaintiff is not permitted to file a late CPLR 3406 (a) notice, then dismissal of the action is warranted *(see,* CPLR 3406 [b]; 22 NYCRR 202.56 [b] [2]).

In exercising its discretion with respect to an extension of time pursuant to CPLR 2004, the court should consider the length and reason for delay in complying with the time period statutorily prescribed, the prejudice to the defendant caused by the delay, and the meritorious nature of the plaintiff's claim *(see, A & J Concrete Corp. v Arker,* 54 NY2d 870). While an evidentiary showing of merit is not required when the request for an extension is made prior to the expiration of the prescribed period *(see, Carte v Segall,* 134 AD2d 397; *Salzman & Salzman v Gardiner,* 100 AD2d 846), when the application for the extension of time is made after the expiration of the prescribed period, the party is in default and an affidavit of merit or its equivalent is required *(see, A & J Concrete Corp. v Arker, supra; St. Agnes Hosp. v Dengler,* 131 AD2d 657; *Quigley v Jabbur,* 124 AD2d 398; *Sammons v Freer,* 99 AD2d 896, *affd* 62 NY2d 1018). Although the aforecited cases deal with pleading defects, the concept of default is analogous in that in this case, the plaintiff's time to file the CPLR 3406 (a) notice had expired by the time she cross-moved to serve a late notice. Moreover, contrary to the plaintiff's further contention, the CPLR 3406 (a) notice, which is part of the special calendar practice for malpractice actions, does affect the substantive rights of the defendant. In addition to expediting the resolution of cases, one of the purposes of this legislation is to deter parties from asserting frivolous claims, which is aided by prompt compliance with the discovery requests of opposing parties. The Legislature, using mandatory language, has specifically provided that the CPLR 3406 (a) notice can be filed after the 60-day period only on motion by the plaintiff and for good cause shown. Clearly if good cause is not shown, permission to file a late notice should be denied and dismissal of the action is appropriate *(see,* CPLR 3406 [b]).

In this case, the plaintiff did not seek to cure her default in filing a CPLR 3406 (a) notice until April 24, 1987, more than

eight months after the notice was required to be filed by her. She offered no valid excuse for the delay and on appeal, she merely alleges that she "inadvertently neglected" to file the required notice. In addition, the plaintiff failed to offer any evidentiary proof as to the meritorious nature of her claims. To excuse the plaintiff's default in timely complying with CPLR 3406 (a) under the circumstances herein would defeat the purposes of this newly enacted legislation.

## IV

In conclusion, the order appealed from should be reversed, the defendant's motion to dismiss the complaint should be granted, the plaintiff's cross motion, *inter alia,* for leave to to file a late CPLR 3406 (a) notice should be denied, and the complaint should be dismissed.

MOLLEN, P. J., THOMPSON, LAWRENCE and EIBER, JJ., concur.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, with costs, the defendant's motion is granted, the plaintiff's cross motion is denied, and the complaint is dismissed.