OPINION OF THE COURT
Edward J. Amann, Jr., J.
In the present motion the defendant seeks an order dismissing the instant complaint for a failure to comply with CPLR 3012-a.
The plaintiffs, in opposition to the motion, argue: (1) that *959 they had requested Betty Jacoby’s medical records and that pursuant to CPLR 3012-a (d) — they need not provide a certificate of merit until 90 days after the records have been provided; (2) that they have provided the information required by paragraph (1) of subdivision (d) of CPLR 3101 and accordingly need not provide a certificate of merit.
On January 9, 1987, a summons and complaint were served by the plaintiffs herein. A copy of a certificate of merit did not accompany the complaint. Thereafter, on February 12, 1987 an answer was interposed. At the same time a demand pursuant to CPLR 3101 (d) was made by the defendant. On March 9, 1988 the defendant made two motions: the first sought an order of preclusion for the plaintiff’s failure to answer a bill of particulars; the second sought dismissal of the complaint for the plaintiff’s failure to comply with notice of discovery and inspection. On March 9, 1988 the court signed a conditional order granting the requested relief unless the plaintiffs provided the required information within 60 days.
On May 26, 1988 the plaintiffs served a response to the request pursuant to CPLR 3101 (d). Subsequently, on August 9, 1988 the defendant made the instant motion, which was made returnable on September 14, 1988 and was finally submitted on November 17, 1988.
In opposition to the motion to dismiss the plaintiffs set forth two basic arguments: the first relies on the language of CPLR 3012-a (d); the second relies upon the language of CPLR 3012-a (g).
Section 3012-a provides in pertinent part:
"(d) [i]f a request by the plaintiff for the records of the plaintiff’s medical or dental treatment by the defendants has been made and such records have not been produced, the plaintiff shall not be required to serve the certificate required by this section until ninety days after such records have been produced * * *
"(g) The plaintiff may, in lieu of serving the certificate required by this section, provide the defendant or defendants with the information required by paragraph one of subdivision (d) of section thirty-one hundred one of this chapter within the period of time prescribed by this section.”
More specifically, the plaintiffs argue that a request was made to the defendant’s insurance carrier in March of 1987, requesting office records pertaining to Mrs. Jacoby. They state *960 that since the records were never delivered to their attorney, they are not required to provide a certificate of merit.
In response, the attorneys for the defendant allege that authorizations for the requested records were never supplied by the plaintiffs and that, accordingly, the records were never sent. They also point out that the request for records was made after the litigation had been commenced.
A review of the language of the subdivision in question reveals that a request must precede the filing of the complaint. This is in keeping with the intent of the Legislature in enacting the instant section. (Tewari v Tsoutsouras, 140 AD2d 104; Santangelo v Raskin, 137 AD2d 74.) Were it otherwise, it would permit a request to be interposed at any time in the proceeding, thereby thwarting the purpose of the enactment. Here the request for the records of the plaintiff, Mrs. Jacoby, was not made until after issue was joined and accordingly, the court finds that it does not, in and of itself, excuse the nonfiling.
The next argument raised by the attorney for the plaintiffs deals with the subdivision which dispenses with the filing of a certificate of merit when the material required by CPLR 3101 (d) has been submitted. The plaintiffs argue that the submission of the above-mentioned material relieves them of the burden of filing a certificate.
Again, in order to determine the merit of plaintiffs’ argument, the court must review the language of the section. A review of the aforesaid subdivision reveals that the Legislature in enacting the statute envisioned that the substitute material would be supplied at the institution of the lawsuit. In this way a determination could be made concerning whether or not the suit was frivolous. Though the language of the subdivision may lack clarity, any other reading of the language would be inconsistent with its purpose. (See, 3 Weinstein-Korn-Miller, NY Civ Prac fl 3012-a.02.)
It should also be noted that in the present case the substitute material was supplied 1 year and 2 months after the demand and only after a motion to preclude and a motion to dismiss had been made by the defendant. Finally, the court would note that the instant motion should not have taken the plaintiffs by surprise. A review of the answer served in February of 1987 reveals that the failure to comply with CPLR 3012-a had been raised.
*961 In view of all of the above, the court is constrained to grant the defendant’s motion to dismiss.*
Accordingly, the motion is granted and the complaint hereby dismissed.

 The court grants the motion notwithstanding the fact that the defendant’s attorneys already had the substitute materials in their possession. Delays such as those exhibited by the present matter may not be countenanced, especially where no reasonable excuse has been offered.