CARLOS MARTE, Plaintiff, v MONTEFIORE MEDICAL CENTER et al., Defendants.

Supreme Court, Bronx County, February 21, 1989

### APPEARANCES OF COUNSEL

*Klar, Piergrossi & Gallina (Lawrence A. Piergrossi* of counsel), for plaintiff. *Bower & Gardner (Kenneth J. Burford* of counsel), for Montefiore Medical Center, defendant. *Morris & Duffy (Frederick B. Smith* of counsel), for Julio Soto and another, defendants.

### OPINION OF THE COURT

LEWIS R. FRIEDMAN, J.

As part of a "comprehensive reform" of the malpractice adjudication system, the Legislature, in the Medical Malpractice Insurance Company Reform Act of 1985 (L 1985, ch 294), provided special mandatory calendar practice rules for those actions. The proposal was sponsored by the Governor. His program memorandum noted that the new procedures were "to expedite the resolution of malpractice claims"; presumably, expeditious determinations would reduce malpractice

insurance premiums by controlling litigation expenses and reducing the "uncertainty in predicting appropriate premium rates" (1985 NY Legis Ann, at 131, 133). One of the adopted proposals requires the plaintiff to serve and file a notice of malpractice action (the Notice) within 60 days of joinder of issue (CPLR 3406 [a]). The Notice triggers a special "pre-calendar conference" (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1989 Supp Pamph, CPLR 3406, at 80; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3406.01, at 34-110). The conference, conducted before the Judge assigned for all pretrial and trial proceedings, must establish a detailed timetable for disclosure and trial readiness; all disclosure is to be completed within 12 months of the Notice and the parties are to be ready for trial within 18 months (CPLR 3406 [b]).

Despite the salutary legislative intent, the Notice has itself become the subject of intensive pretrial maneuvering. Indeed, this court finds that the consequences of a late Notice has been the single most litigated pretrial issue in malpractice cases. There are few reported cases and they provide little guidance to the Bench and Bar. The case at bar illustrates the problems created by the statute.

In this action plaintiff, a college student, contends that defendants Montefiore Medical Center (Montefiore), Union Hospital (Union) and Doctors Soto and Castellanos failed to properly diagnose the source of his genital pain, which led to the surgical removal of one testicle. The summons and complaint were served in August 1986; issued was joined in late September 1986. After some preliminary motion practice, a bill of particulars was served in December 1986; the information required by CPLR 3101 (d) and other discovery were provided at that time. The action remained dormant while plaintiff resolved his dispute with prior counsel, by court order, in April 1988. Current counsel appeared in September 1988, served an amended bill of particulars, a notice of malpractice action and a demand for a preliminary conference. Counsel also sought to arrange for defendants' depositions of the plaintiff. The Notice and request for preliminary conference were filed with the court on September 30. Conferences were held October 11 and October 28; the order of October 11 set forth a detailed schedule for the conduct of the remaining discovery.

The parties disagreed as to the date on which plaintiff's deposition would be held. On November 23, plaintiff's counsel

confirmed the agreement that the deposition would be conducted, not during Thanksgiving vacation, as plaintiff had wanted, but on January 4, as requested by defendants. By notice dated November 23, but concededly mailed November 28, counsel for Montefiore belatedly "rejected" the "untimely" Notice and requested, apparently for the first time, authorizations for release of certain of plaintiff's school and medical records.

Montefiore moves to dismiss for plaintiff's failure to serve the required Notice; defendants Soto and Castellanos cross-move for the same relief. Plaintiff cross-moves for sanctions for defendants' failure to provide pretrial discovery.

Defendants rely on *Tewari v Tsoutsouras* (140 AD2d 104) for the proposition that late service of a Notice permits dismissal. *Tewari* ordered dismissal of an action for failure to serve a Notice. This court is concerned whether there is authority for dismissal. An analysis of CPLR 3406, and the rules adopted under it, reveals no such authority.

The Legislature did not specify any sanctions for failure to comply with any of the provisions of CPLR 3406. Rather, the Chief Administrator of the courts was given explicit authority to adopt rules "for the imposition of costs or other sanctions, including * * * dismissal of an action, claim, cross-claim, counterclaim or defense * * * for failure of a party or a party's attorney to comply with these special calendar control rules or any order of a court made thereunder" (CPLR 3406 [b]). The rule adopted (22 NYCRR 202.56) (the Rule), while providing for sanctions, did not go as far as the Legislature had permitted. In subdivision (a) the Rule describes the form of the Notice and attachments and the sanction to be imposed. Section 202.56 (a) (3) provides: "Such notice shall be filed after the expiration of 60 days only by leave of the court on motion and for good cause shown. The court shall impose such conditions as may be just, including the assessment of costs." The Rule and the statute permit discretionary consideration of permission for late filing under the standards of CPLR 2004; however, the Rule provides as its only sanction for late compliance the imposition of conditions, including costs.

In *Tewari v Tsoutsouras* (140 AD2d, *supra*, at 111), the court concluded that if leave to file late were denied, "then dismissal of the action is warranted *(see,* CPLR 3406 [b]; 22 NYCRR 202.56 [b] [2])." The difficulty is that neither source cited in *Tewari* permits dismissal of the action on those

grounds. CPLR 3406 (b) merely refers to the Rule. The cited section of the Rule provides only for dismissal for failure to comply with a precalendar conference discovery order. The Rule provides, at 22 NYCRR 202.56 (b) (2), "A party failing to comply with a directive of the court authorized by the provisions of this subdivision shall be subject to appropriate sanctions, including * * * dismissal". That portion of the Rule is inapplicable for two reasons. First, the sanction of dismissal is only available for disobedience of a "directive of the court". Second, the Rule specifies that violations of "this subdivision" are the subject of sanctions; subdivision (b) of the Rule deals only with court orders, not with Notices. The Chief Administrator's rules, throughout, carefully delineate the difference of usage between "this subdivision" and "this rule" or "this section" *(see, e.g.,* 22 NYCRR 202.16 [e], [g] [4]; 202.17 [f], [g], [h], [j]).

The goal of speedy adjudication of malpractice cases is not served by the draconian sanction of dismissal for late Notices. A defendant has remedies for service of late notices: for example, it may move to compel a notice; it may seek a preliminary conference under the usual IAS practices (22 NYCRR 202.12), or it may seek financial or other sanctions. A review of the Governor's program message, as well as the Bill Jacket (L 1985, ch 294), reveals nothing even suggesting that the sanction of dismissal for untimely service of a Notice was even contemplated. The rule-making function was unequivocally delegated to the Chief Administrator; therefore, it is not for the courts, on a case-by-case basis, to amend the rules *(Matter of A. G. Ship Maintenance Corp v Lezak,* 69 NY2d 1, 6).

It is the rule in this State that delays in discovery are punished by sanctions such as fines, not dismissal *(see, e.g., Scharlack v Richmond Mem. Hosp.,* 127 AD2d 580). There is no basis for concluding that failure to serve a Notice on time is the equivalent of an intentional, deliberate, contumacious refusal to disclose. The court can find no reason to analogize the case to a failure to serve a pleading as the Second Department has apparently done in *Tewari (supra).*

It may well be that there is prejudice to a defendant when the plaintiff delays in filing the Notice *(Tewari v Tsoutsouras,* 140 AD2d, *supra,* at 111). Prompt discovery will, it appears, help winnow out the frivolous claims. Further, another part of the 1985 malpractice reform added CPLR article 50-A (CPLR 5031-5039), which provided for deferred payments of certain

aspects of future damages; a plaintiff who can postpone a trial avoids those provisions by expanding the amount that must be paid in one lump sum. However, in many cases defendants seek to prejudice plaintiffs by refraining from making motions under CPLR 3406 until after the Statute of Limitations has run *(see, Kirck v Samaan,* NYLJ, Feb. 10, 1989, at 26, col 4 [Sup Ct, Nassau County]). Surely, it was not the legislative intent to encourage defendants to engage in "game playing".

Moreover, the Legislature's effort to obtain a speedy decision on the merits of malpractice cases is not served by extensive, extended, time-wasting litigation over whether the Notice is timely. The Rule requires the attachment of various documents to the Notice, including proof that authorizations were served and a statement as to disclosures under CPLR 3101 (d) (1) (i) (22 NYCRR 202.56 [a]). It appears, as in the case at bar, there are often changes of counsel at an early stage of litigation. Thus, it appears that, at least since *Tewari v Tsoutsouras (supra)* was decided, many malpractice cases result in a motion under CPLR 3406.

In sum, this court cannot conclude that dismissal is a permissible sanction for the conceded late filing here.

A review of the operative factors in this case, which are also present in many others, is necessary to determine whether there is sufficient "good cause shown" to permit late filing under the Rule and CPLR 2004, 3406 (a).

Courts have found relevant the question of which party first raises the issue of the late Notice. The plaintiff's effort to correct an oversight before it is identified by defendant helps show the lack of prejudice to the defendant. For example, in *Tewari v Tsoutsouras (supra),* defendant unsuccessfully sought discovery, noted the absence of a Notice and then moved for relief; the plaintiff only complied at the return of the motion to dismiss. In *Collazo v Fiasconaro* (NYLJ, Jan. 9, 1989, at 25, col 6 [Sup Ct, Kings County]) the court granted plaintiff, who first raised the issue, permission to file a late Notice. In the case at bar, plaintiff served and filed the late Notice; defendants rejected it in an untimely fashion *(cf.,* CPLR 2101, 3022; *Matter of Lentlie v Egan,* 94 AD2d 839, 840, *affd* 61 NY2d 874; *Matter of Nafalski v Toia,* 63 AD2d 1039), perhaps waiving the issue. "Normally what is not disputed is deemed to be conceded" *(People v Gruden,* 42 NY2d 214, 216). Even though a defendant made the first motion, plaintiff can be construed as the party first raising the issue.

Similarly, in evaluating a proposed late filing, the status of pretrial discovery and the pace at which it is progressing are highly significant. It must be remembered that the entire purpose of the Notice is to trigger the CPLR 3406 (b) preliminary conference. In *Tewari v Tsoutsouras (supra)*, the plaintiff provided no discovery prior to the motion to dismiss, notwithstanding the many prior demands. In *Kirck v Samaan* (NYLJ, Feb. 10, 1989, at 26, col 5, *supra)*, Justice Wager found that "no issue of prejudice exists in view of the cooperation in discovery matters". In the case at bar, there has even been a preliminary conference and a scheduling order, prior to the motion. Thus, the purpose, if not the letter, of CPLR 3406 has been served.

Obviously, the period of the delay is relevant, but not dispositive. In *Kirck v Samaan (supra)*, 11 months did not bar a late filing; in *Collazo v Fiasconaro (supra)*, seven months was found not to be too long. Yet, in *Tewari v Tsoutsouras (supra)*, eight months was held to be far too long, in light of the unanswered discovery demands. Here issue was joined two years before the motions were made. Yet, in the interim, discovery proceeded, no one complained of the lack of a Notice, and a preliminary conference was held.

While an analysis of the reasons for delay is often done under CPLR 2004, the courts interpreting CPLR 3406 have paid little attention to that factor. Clearly, in nearly every case "law office failure" is responsible for part of the delay. The trial courts such as in *Kirck (supra)* and *Collazo (supra)* have tried to avoid the confrontation such as *Barasch v Micucci* (49 NY2d 594) and its progeny, which gave rise to CPLR 2005. Indeed, in *Tewari v Tsoutsouras* (140 AD2d, *supra*, at 112), the court noted that plaintiff "offered no valid excuse for the delay".

A final factor in any analysis under CPLR 2004 is the merit of the cause of action *(e.g., A & J Concrete Corp. v Arker*, 54 NY2d 870, 872). In *Tewari v Tsoutsouras (supra)*, the court concerned itself only with the merits of the case and disregarded other factors *(compare, Lieberman v Yorburg*, 135 AD2d 509 [where, without discussion, the Second Department, prior to *Tewari, supra*, affirmed an extension of time to file a late Notice]). While the calendar rules of CPLR 3406 are designed to remove frivolous cases from the system, motions should not be used as tactical vehicles for defendants to obtain discovery of expert information beyond that required by CPLR 3101 (d) (1). It is for that reason that some courts have, in

analogous situations, permitted submission for in camera inspection only, affidavits including the name of the expert *(see, Rubenstein v Columbia Presbyt. Med. Center,* 139 Misc 2d 349, 352). In the case at bar plaintiff has proffered such an affidavit. Under the circumstances, the proffer would normally be accepted; however, the court will not request submission of the affidavit at this time since the other factors warrant permission to file a late Notice without regard to the merits of the case.

The trial courts have been consistent in condemning plaintiffs who fail to file timely Notices; indeed, every reported case granting permission for a late filing has imposed the monetary sanctions provided for by CPLR 2004 and the Rule, 22 NYCRR 202.56 (a) (3) *(Kirck v Samaan, supra; Collazo v Fiasconaro, supra).* So too here. The court will deny the motions to dismiss and grant plaintiff leave to file the notice nunc pro tunc as of the date actually filed, on condition that plaintiff pay $500 to the Clients' Security Fund of the State of New York, within 15 days of service of a copy of this order with notice of entry. If the sum is not so paid, the motions to dismiss are granted.

The remaining discovery is to proceed promptly. Any further delay by any party will be treated as a serious breach of the Rule.