OPINION OF THE COURT
Beatrice S. Burstein, J.
Plaintiffs seek an order, pursuant to CPLR 2004, extending their time to file the notice of podiatric malpractice action required by CPLR 3406 (a). Inter alia, they raise the issue of their burden of proof as against a defendant whose only *199 liability may be vicarious. The court holds that in such a case plaintiffs must demonstrate that there is a valid basis upon which to claim either vicarious or independent liability.
For the reasons set forth below the motion is granted as to defendant Scholl and denied as to defendant St. Joseph’s Hospital (the Hospital). The latter defendant’s cross motion for judgment dismissing plaintiffs’ complaint as to it, on the ground plaintiffs failed to file their notice in a timely manner, is granted.
Defendant Scholl has not opposed the relief requested. Plaintiffs have provided an affidavit of merit in which their expert factually details the alleged acts of Dr. Scholl which constitute departures from good and accepted podiatric practice and avers that these acts proximately caused Lorraine Stare’s injuries. Plaintiffs apparently also have demonstrated to this defendant’s satisfaction that their delay was neither willful nor lengthy, and was not prejudicial. This satisfies the requirements established as necessary by the Court of Appeals for such relief, and as plaintiffs’ motion is made independently, not responsively, this court possesses broader discretion to grant the leave sought. (A & J Concrete Corp. v Arker, 54 NY2d 870 [1981].)
In view of that discretion and the lack of opposition by defendant Scholl, I also find defendant Scholl conceded that the alleged grounds for plaintiffs’ delay were acceptable, thereby satisfying the additional criteria imposed by the Second Department in Tewari v Tsoutsouras (140 AD2d 104 [2d Dept 1988]; see, Dunne v Winthrop Univ. Hosp., NYLJ, Mar. 6, 1989, at 35, col 5 [Sup Ct, Nassau County 1989]).
However, plaintiffs cannot prevail as to the defendant Hospital. Their expert’s affidavit of merit states that "the defendants departed from good and accepted podiatric practice” but recites only acts committed by defendant Scholl. It is void of any allegation with respect to the care and treatment rendered the patient by the Hospital. The one mention of the Hospital is a statement to the effect that the surgery at issue was performed there.
Plaintiffs allege that their bill of particulars details the Hospital’s negligence. To some extent that is correct. However, a verified bill of particulars is not an adequate substitute where, as here, an affidavit of merit by a podiatric expert is required. (See, Brice v Westchester Community Health Plan, 143 AD2d 170 [2d Dept 1988].) This absence of such an *200 affidavit is severely detrimental to plaintiffs’ cause. As plaintiffs admit in their memorandum of law, "[mjerit is * * * the strongest factor of all” to be considered in this application.
Plaintiff also contends that the Hospital was vicariously liable and therefore their expert was not required to address this issue. However, they do not deny that this plaintiff was a private patient of defendant Scholl and that it was Dr. Scholl who performed the surgery and supervised the plaintiff’s care at the Hospital. "Although a hospital or other medical facility is liable for the negligence or malpractice of its employees * * * that rule does not apply when the treatment is provided by an independent physician, as when the physician is retained by the patient himself * * * unless the hospital knows that the patient is unaware of the dangers and novelty of the medical procedure proposed to be performed * * *. Nor is affiliation of a doctor with a hospital or other medical facility, not amounting to employment, alone sufficient to impute the doctor’s negligent conduct to the hospital or facility”. (Hill v St. Clare’s Hosp., 67 NY2d 72, 79 [1986] [citations omitted].) Therefore, it appears the Hospital is not vicariously liable to plaintiffs. Plaintiffs were therefore required either to show otherwise or to demonstrate that the Hospital independently committed podiatric malpractice. They have failed to do either. Absent proper proof of the merits of their claim against the Hospital, leave to file the required notice late is denied and plaintiffs’ action as against the Hospital is dismissed. (A & J Concrete Corp. v Arker, 54 NY2d 870 [1981], supra; Tewari v Tsoutsouras, 140 AD2d 104 [2d Dept 1988], supra.)
As none of the parties has advised the court as to whether there are any cross claims, no ruling in that regard is made.
Through an inadvertence not attributable to plaintiffs, plaintiffs erroneously submitted an in camera affidavit of merit to the court, further detailing the acts of Dr. Scholl. No mention is made of the Hospital therein. Therefore, the court did not consider this affidavit in resolving the issues raised, and it is being returned to plaintiffs under separate cover. Plaintiffs are directed to retain this affidavit in their file.