*441 OPINION OF THE COURT
Herbert A. Posner, J.
Like Phoenix, the bird of Greek mythology that rose from its ashes to fly again, the plaintiff, Phyllis Tewari, is attempting to resurrect her lawsuit. However, the defendant, Dr. Steven Tsoutsouras, is again moving to dismiss the case.
To avoid confusion, let us refer to this action as "Tewari Two” and the first action as "Tewari One”.
Tewari One was dismissed by the Appellate Division, Second Department, on December 12, 1988 (140 AD2d 104). Tewari Two was commenced on March 4, 1989 by service of a summons and an identical complaint under the aegis of CPLR 205 (a). This section states: "New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.”
Tewari Two was commenced after the Statute of Limitations had expired, but less than six months after Tewari One had been dismissed. The plaintiff claims that Tewari One was dismissed by the Appellate Division for her failure to timely file a medical malpractice notice, pursuant to CPLR 3406 (a); and, that such dismissal was not on the merits and not for failure to prosecute. The defendant, however, claims that Tewari One was dismissed for "failure to prosecute” and therefore, Tewari Two does not meet the requirements of CPLR 205 (a).
Tewari One is presently pending in the Court of Appeals. If the Court of Appeals reverses Tewari One, then obviously Tewari Two becomes moot.[1] If the Court of Appeals affirms Tewari One, then the issue in Tewari Two is a significant one, *442 not only in Tewari Two, but for all other pending cases in which the case was dismissed for failure to comply with CPLR 3406 (a).
Was the dismissal by the Appellate Division a dismissal for "failure to prosecute”? The CPLR 3406 (a) notice was enacted by the Legislature to "trigger” a precalendar disclosure timetable set forth in CPLR 3406 (b) and section 202.56 (b) of the court’s Uniform Rules for Trial Courts (22 NYCRR). (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3406, 1988 Supp Pamph, at 76, 77; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3406.01.) CPLR article 34 is entitled "Calendar Practice; Trial Preferences”. On the other hand, CPLR article 30 is entitled "Remedies and Pleading”. Therefore, it is obvious that CPLR 3406 is not a pleading; but rather a means by which the Legislature ordered the courts to expedite the processing and discovery procedure in medical malpractice actions. This was but one of a number of sections enacted in 1986 as part of a malpractice reform package to alleviate the alleged malpractice crisis that the medical and insurance professions claim exists in the State of New York.
CPLR 3406 (a) states as follows: "(a) Mandatory filing. Not more than sixty days after issue is joined, the plaintiff in an action to recover damages for dental, medical or podiatric malpractice shall file with the clerk of the court in which the action is commenced a notice of dental, medical or podiatric malpractice action, on a form to be specified by the chief administrator of the courts. Together with such notice, the plaintiff shall file: (i) proof of service of such notice upon all other parties to the action; (ii) proof that, if demanded, authorizations to obtain medical, dental, podiatric and hospital records have been served upon the defendants in the action; and (iii) such other papers as may be required to be filed by rule of the chief administrator of the courts. The time for filing a notice of dental, medical or podiatric malpractice action may be extended by the court only upon a motion made pursuant to section two thousand four of this chapter.”
Pursuant to CPLR 3406 (a) (iii), the Chief Administrator of the Courts adopted special rules requiring, in addition to the papers that have to be attached to the notice as provided for in paragraphs (i) and (ii), "copies of the summons, notice of appearance and all pleadings, including the certificate of merit if required by CPLR 3012-a * * * a copy of the bill of particu *443 lars, if one has been served * * * a copy of any arbitration demand, election of arbitration or concession of liability served pursuant to CPLR 3045 * * * if requested and available, all information required by CPLR 3101 (d) (1) (i).” (22 NYCRR 202.56 [a] [1]; emphasis added.) As is apparent from the additional requirements set forth by the Chief Administrator of the Courts (and not specifically enumerated in the statute), the plaintiff in a malpractice case must proceed at an early stage, with an indication that he has a serious case.[2]
Tewari One was dismissed by the Appellate Division because the plaintiff "failed to show a reasonable excuse for her more than eight-month delay in seeking leave to file a late CPLR 3406 (a) notice and she failed to demonstrate the meritorious nature of her claims.[3] (Tewari v Tsoutsouras, 140 AD2d 104, 109; emphasis added.)
A dismissal for failure to proceed in an action, as mandated by the statute, and a further failure to obtain court permission to file a late notice based on good cause of the delay would seem to logically follow within the category of a dismissal based on failure to prosecute. (See, Schwartz v Luks, 46 AD2d 634; Wright v Farlin, 42 AD2d 141.) The plaintiff was aware of the fact that the Legislature required this notice and the plaintiff was aware of the fact that court permission to file a late notice could only be obtained upon a showing of good cause. Therefore, common sense dictates that the failure to do both gives rise to the belief that the plaintiff does not have meritorious claim and/or is unwilling to prosecute her action within the time strictures set forth by the Legislature.
In conclusion, the plaintiff is not entitled to the benefit of CPLR 205 (a), and therefore, Tewari Two must also be dismissed. One cannot come in through the back door when the front door is barred.

. The First Department case, Marte v Montefiore Med. Center (142 Misc 2d 745), reached an opposite conclusion from the Second Department and held that the harsh sanction of dismissal did not apply to CPLR 3406 (a). Whether I agree with the First Department or not is irrelevant. As a Trial Judge in the Second Department, I must follow the law in my Department unless the Court of Appeals disagrees.

. This extended interpretation by the Chief Administrator is supported by the Governor’s program memorandum in which he stated: "A number of steps can be taken to expedite litigation, to encourage prompt settlements and to deter parties from asserting frivolous claims” (emphasis added).

. CPLR 3406 (a) permits the extension by the court for filing a late notice only upon a motion made pursuant to CPLR 2004. Section 2004 requires that "good cause” be shown. Good cause has always been deter- <• mined to be both a showing of a reasonable excuse for the delay and that the party moving for the extension of time has a meritorious claim or defense.