OPINION OF THE COURT
Alan J. Saks, J.
While the Honorable Jack Turret, since retired, presided over this Part, plaintiffs moved for leave to file a late notice of medical malpractice action, pursuant to CPLR 3406 (a) and 2004. On the basis of a 15-month delay in making the motion and failure to file an affidavit of merit, the court denied the motion and granted defendants’ cross motion to dismiss by order dated March 14, 1989 and served upon plaintiff on *134 March 30, 1989. Said order was made on the constraint of Tewari v Tsoutsouras (140 AD2d 104).
Plaintiffs duly appealed said order to the Appellate Division within the time allowed therefor. However, said appeal was not perfected within the nine-month period required by 22 NYCRR 600.11 (a) (3). While it is still pending, it may not be heard unless the Appellate Division grants leave to enlarge the time to perfect. Plaintiffs’ counsel asserts that perfecting was held in abeyance pending appeal to the Court of Appeals in Tewari (supra).
On October 24, 1989, the Court of Appeals reversed in Tewari and held that: (1) failure timely to file a notice of medical malpractice action does not authorize dismissal of the action and (2) on a motion for late filing of said notice the court may not require an affidavit of merit (75 NY2d 1).
Plaintiffs have now moved for reargument, based on the change in law. Defendants oppose the motion on the ground that it is untimely. They rely on a line of authority which holds that when the movant has failed to appeal the prior order, a motion to reargue made after the time of appeal has expired is untimely. (See, Matter of Huie [Furman], 20 NY2d 568; Liberty Natl. Bank & Trust Co. v Bero Constr. Corp., 29 AD2d 627.)
In this court’s view, the cited cases are not dispositive of the instant motion. The reason that a motion to reargue is not entertained after the time to appeal has expired is that such a motion should not be used to circumvent the time limited by statute for taking an appeal, as the cited cases themselves note. (See also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:8, at 158.) The underlying theory is that it is unfair to allow the revival of a lawsuit that appeared to have died. "With no appeal having been taken from this determination, the [defendant] city was entitled to rely upon it as a final determination of the matter”. (Matter of Huie [Furman] supra, 20 NY2d, at 572.)
"But if * * * an appeal has been duly taken but has not yet been submitted, so that a motion to reargue could not be seen as trying to extend the time for appeal, it may be made to the nisi prius judge. See William H. Van Vleck, Inc. v. Klein, 50 Misc.2d 622, 271 N.Y.S.2d 64 (1966). At least in a situation in which the governing law changes while an appeal is pending, it should be permissible to have the judge below implement the new law without forcing the appeal through, especially *135 where the appeal has not been perfected and there can thus be a saving of the effort and expense that would have to go into drawing up the record and briefs”. (Siegel, op. cit., at 159.)
The fact that it would require a motion by the plaintiffs to have the Appellate Division hear the appeal is of no consequence, because the appeal is still pending. (Indeed, the defendant has not, apparently, moved to dismiss it for failure to perfect.) The filing and pendency of the notice of appeal have constituted a continuing message to defendants that the litigation was not ended by the nisi order. Moreover, it would seem most profligate of the time and resources of the parties and the Appellate Division first to require plaintiffs to move for permission to enlarge the time to perfect the appeal, a motion that is commonly granted, for the sole purpose of moving for reargument before the nisi court.
On the basis of the foregoing, reargument is hereby granted, and upon reargument the prior order of this court dated March 14, 1989 is hereby vacated and the action is reinstated. However, that does not end the matter, because the court now has to consider whether to grant or deny plaintiff’s motion for leave to file a late notice of medical malpractice action. In making this determination, the court must take into account not only the 15-month delay in making the original motion for late filing but also the fact that the motion to reargue was not made until five months after the Court of Appeals changed the law in Tewari (supra) and one year after the original determination, both delays apparently caused by law office failure. A motion for reargument based on a change in law should "be made promptly and in any event within a reasonable time after the original determination”. (Matter of William H. Van Vleck, Inc. v Klein, supra, at 623.) On the other hand, the defendants have also been less than diligent. As noted in Tewari, the principal purpose of the filing of the notice of medical malpractice action is to trigger the holding of a precalendar conference in the IAS Part in the hope of expediting a resolution of malpractice claims and thereby reducing the cost of malpractice litigation (with a consequent reduction in insurance premiums), as well as reducing incidents of actual malpractice. Yet, defendants apparently did nothing to compel plaintiffs to file the notice during said 15-month period. Instead, they waited until the plaintiff moved to file late and then cross-moved to dismiss. They also did not move to dismiss the appeal to the Appellate Division after the *136 time to perfect without leave of that court expired on January 2, 1990, but that failure is perhaps understandable, because they reasonably could have anticipated a cross motion by plaintiff either to enlarge the time to perfect or to hold the respondent’s motion in abeyance pending their motion to reargue at the nisi level.
Tewari (supra) recognizes that this court has the power, inter alia, to impose conditions for the granting of the motion. In Tewari, it was the defendant who moved to dismiss the complaint for failure to file the notice and plaintiff who cross-moved for leave to file late, although the plaintiff’s delay in seeking relief was somewhat shorter than in the instant case. (Plaintiff’s cross motion for leave to file late was there made almost nine months after its notice was overdue.) Furthermore, at the time of the plaintiff’s default in Tewari, which commenced in August 1986, CPLR 3406 had only been in effect for 13 months, whereas in the instant case at the time of plaintiffs’ default in October 1987, the statute had been effective for 27 months. The relative newness of a statute is a valid factor for the court to consider. (Santangelo v Raskin, 137 AD2d 74.) Although in Tewari the court reinstated a nisi order permitting late filing unconditionally, under the circumstances of this case some sanction is appropriate. _
Accordingly, it is hereby ordered that the plaintiffs’ motion for late filing is granted upon the condition that, within 60 days after notice of this decision appears in the New York Law Journal, plaintiffs’ counsel shall pay to the defendants, out of their own funds and without charging their clients therefor, a sanction of $500, payment to be made by delivery to defendants’ counsel of a check in said amount. (Said check may be made payable to defendants’ counsel, but it shall then be credited against the fees due them.) It is further ordered that, within said time, plaintiffs shall serve and file a notice of medical malpractice action. If plaintiffs fail to comply with the foregoing, the motion for late filing shall be deemed denied.