■ VALERIE VAN INWEGEN, Appellant, v EUGENE LUCIA et al., Respondents.—In an action to recover damages for dental malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (Hickman, J.), dated March 15, 1989, which granted the separate motions of the defendants to dismiss the complaint for the plaintiff's noncompliance with CPLR 3406 (a), and (2) from an order of the same court, dated May 25, 1989, which denied her motion for renewal.

Ordered that the order dated May 25, 1989, is reversed, on the law, without costs or disbursements, the motion for renewal is granted and, upon renewal, the order dated March 15, 1989, is vacated, the motions by the defendants to dismiss the complaint are denied, and the plaintiff's proposed notice of dental malpractice action is deemed served and filed; and it is further,

Ordered that the appeal from the order dated March 15, 1989, is dismissed, without costs or disbursements, as academic in light of our determination on the appeal from the order dated May 25, 1989.

Upon the plaintiff's failure to timely file a notice of dental malpractice action with the clerk of the court as provided in CPLR 3406 (a), the defendants sought and obtained a dismissal of the action for the plaintiff's noncompliance with this rule, on the authority of Tewari v Tsoutsouras (140 AD2d 104).

However, the Court of Appeals has since reversed the holding of the Appellate Division in Tewari v Tsoutsouras (140 AD2d 104, supra, revd 75 NY2d 1), finding that the Legisla-

ture did not authorize the sanction of dismissal of a complaint in the first instance upon a plaintiff's failure to timely serve and file a notice of malpractice action. In light of the holding of the Court of Appeals, we reinstate the complaint and deem the plaintiff's proposed notice of dental malpractice action served and filed. Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.