■ RICHARD BERMUDEZ, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY et al., Defendants, and MILLAR ELEVATOR INDUSTRIES, INC., Respondent. (Action No. 1.) MARYANN FALZONE, Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. MILLAR ELEVATOR INDUSTRIES, INC., Third-Party Defendant-Respondent. (Action No. 2.) [605 NYS2d 352] —In consolidated actions to recover damages for personal injuries, the defendant third-party plaintiff New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated July 9, 1991, which, upon granting the motion of Millar Elevator Industries, Inc., for reargument of the appellant's motion for summary judgment declaring that Millar Elevator Industries, Inc., had a duty to defend and indemnify the appellant, denied the appellant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs claim that on or about April 28, 1983, the elevator in which they were descending began to travel at an excessive rate of speed, finally coming to an abrupt halt,

causing them to suffer serious personal injuries. The plaintiff Bermudez commenced an action to recover damages for personal injuries against the owner of the building, the New York City Housing Authority (hereinafter the Authority), and Millar Elevator Industries, Inc. (hereinafter Millar), the contractor hired by the Authority to maintain the elevator. The plaintiff Maryann Falzone's action was against the Authority only, and the Authority brought a third-party action against Millar. The terms of the contract between the Authority and Millar provided, in relevant part, that Millar would be responsible for equipment maintenance of the elevator, and would defend and indemnify the Authority for personal injury claims.

After service of the complaint and answer in the third-party action, the Authority moved for summary judgment declaring that (1) Millar was obligated, pursuant to the contract, to pay the reasonable attorneys' fees, costs and expenses, incurred by the Authority in defending the personal injury actions, and (2) Millar was required to indemnify the Authority from, *inter alia*, the payment of any judgment or costs. The Supreme Court initially granted the Authority's motion and Millar filed a timely notice of appeal on or about November 9, 1990. Thereafter, by notice of motion dated January 30, 1991, while the appeal was pending, Millar moved for reargument. The court granted reargument, thereupon vacated its prior order, and denied the Authority's motion. It found that a ruling on the issue of Millar's responsibility for the Authority's defense costs should await the liability determination in the underlying personal injury actions. We affirm.

Contrary to the Authority's contention, Millar's motion for reargument was properly granted based on governing decisional law *(see, e.g., Cannavale v County of Westchester,* 158 AD2d 645; *see also, Calderon v Bronx Cross County Med. Group,* 147 Misc 2d 133). Since a notice of appeal had been timely filed, reargument did not serve as a substitute for failure to timely take an appeal. Furthermore, the motion was made within a reasonable time *(see, Matter of William H. Van Vleck, Inc. v Klein,* 50 Misc 2d 622; *cf., Matter of Huie [Furman],* 20 NY2d 568).

On the merits, the Supreme Court properly determined that the resolution of the issue of Millar's duty to defend should await the determination of liability, if any, in the underlying personal injury actions *(see,* General Obligations Law § 5-322.1; *see also, Connolly v Brooklyn Union Gas Co.,* 168 AD2d 477, 478; *Kosan v County of Westchester,* 162 AD2d 592;

*Cannavale v County of Westchester, supra,* at 647). Since Millar was not an insurer, its duty to defend is not broader than its duty to indemnify *(see, Cannavale v County of Westchester, supra).* In light of this determination, we do not reach the appellant's contention that the 1981 amendment to General Obligations Law § 5-322.1 does not apply retroactively to the contract between the Authority and Millar. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.